CORNELIUS D. THORP, PLAINTIFF IN ERROR, v. ARDEL B. RAYMOND.

The statute of limitations of New York allows ten years within which an action must be brought by the heirs of a person under disability, after that disability is removed.

But the right of entry would be barred if an adverse possession, including those ten years, had then continued twenty years; and the right of title would be barred, if the adverse possession had continued twenty-five years, including those ten years.

Cumulative disabilities are not allowed in the one case or in the other.

Therefore, where a right of entry accrued to a person who was in a state of insanity, the limitation did not begin to run until the death of that person; but began to run then, although the heir was under coverture.

THIS case was brought up by writ of error, from the Circuit Court of the United States for the Southern District of New York.

The circumstances of the case are fully stated in the opinion of the court.

It was argued by *Mr. Lawrence*, for the plaintiff in error, and by *Mr. Shell*, for the defendant.

The points made for the plaintiff in error were the following:

First. The plaintiff having shown a valid legal title in his ancestor, Nicholas Brouwer, and having proved that the said Nicholas Brouwer died seized and possessed of the premises in question, the inheritance therein passed, on his death, to his granddaughter and sole heir at law, Hannah Brouwer, the plaintiff's grandmother.

Second. There is no evidence that Pine held adversely to the heir at law of Nicholas Brouwer, and therefore it must be presumed that he held in subordination to the Brouwer title. 2 R. S. 392, § 8.

Third. The adverse possession commenced with Oliver De-Lancey, in 1801, at which time the owner, Hannah Turner, was under the disability of coverture as well as of insanity. These disabilities continued till her death, in 1822, and were continued in her heir at law, Jemima, by reason of her coverture, until 1832.

The statute provides in substance, (N. Y. R. L. of 1801, vol. 1, p. 562,) that action may be brought within twenty-five or twenty years (as the case may be) after descent cast; and that the time during which the disability of coverture or insanity shall continue, shall form no part of the period of limitation.

In this case, the disability existed when the adverse possession commenced, (Hannah Turner having the title, and being under disability from 1749 to 1822, while the adverse possession commenced in 1801,) and it continued uninterruptedly to exist, in the persons of her and her daughter, Jemima Thorpe, until the

death of the husband of the latter, in 1832. The statute of limitations, therefore, did not commence to run against the original and lawful title until the last named year, and consequently the right of action continued unimpaired until 1852.

The judgment should therefore be set aside, and a new trial ordered.

*Defendant's points.* I. The adverse possession by the defendant, and those under whom he claimed from the 1st of May, 1801, to the time of the commencement of this suit, in 1850, was perfect, and barred and extinguished the title and right of the plaintiff. 24 Wend. 603, 604, 614; 16 Peters, 455; 2 R. L. N. Y. c. 185, p. 183; 2 R. S. N. Y. p. 222, § 11.

II. Hannah Turner, being under the disability of mental incapacity from the time the adverse possession commenced, to wit, 1st of May, 1801, until her death, in 1822, her heirs at law had ten years after her death within which to bring their action. 2 R. L. N. Y. c. 185, p. 183; §§ 2, 3.

III. Hannah Turner having died in 1822, Jemima Thorpe, her heir at law, and the mother of the plaintiff, should have brought her action within ten years after her death; as the ten years, with the time which elapsed after the adverse possession commenced exceeded twenty years, which would bar ejectment, and exceeded twenty-five years, which would bar a writ of right. Smith v. Burtis, 9 Johns. 174; Demarest and wife v. Wynkoop, 3 Johns. Ch. R. 129, 135; Jackson, ex dem. v. Johnson, 5 Cow. 74. As to the rule in England, under Statute 21 James, c. 16, Doe, ex dem. v. Jesson, 6 East, R. 80. Also in Pennsylvania, under Statute 26th March, 1785, Wendle v. Robertson, 6 Watts's Rep. 486.

IV. The plaintiff, and those under whom he claims, not having brought their action within the time allowed by law, are barred by the statute from recovering said premises, or any interest therein. 2 R. L. N. Y. c. 185, p. 183.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the Circuit Court of the United States for the Southern District of New York.

The plaintiff brought an action of ejectment in the court below against the defendant to recover the one-twentieth part of a mill seat and the erections thereon, together with some eighteen acres of land, situate on the river Bronx in the town and county of Westchester in said State; and, on the trial, gave evidence tending to prove that the premises were owned in fee in 1726 by one Nicholas Brouwer, and that he continued seised of the same as owner down to his death, in 1749; that his heir at law was a grandchild Hannah, then the wife of Ed-

mund Turner; that said Turner died in 1805, leaving his wife surviving, but who had been for some years previously, and then was insane, and so continued till her death, in 1822; that at her death she left, as heirs at law surviving her, several children and grandchildren; that one of her surviving children was Jemima Thorp, the mother of the present plaintiff, who was married to Peter Thorp when nineteen years of age: the said Peter died in 1832, and said Jemima, who survived him, died in 1842, leaving the plaintiff and other children surviving. The plaintiff, also, proved the defendant in possession of the premises and rested.

The defendant then proved that, before the year 1801, the premises in question were in the actual possession of one Oliver De Lancy claiming as owner, who in the same year by indenture of lease demised the same to one James Bathgate, for the term of fourteen years; that the said Bathgate entered into possession, and continued to hold and occupy the premises under this lease till 1804, when one David Lydig entered, claiming to be the owner in fee; that said Bathgate attorneyed to, and held and occupied under him, as tenant, down to 1840, when the defendant succeeded as tenant of the premises under the said Lydig; that David Lydig died in 1840, leaving Philip, his only child and heir at law, surviving; and that from the date of the lease to Bathgate, 1st May 1801, down to the commencement of this suit, the premises had been continually held and possessed by De Lancy and the Lydigs, father and son, by their several tenants, claiming to be the owners in fee, and exclusive of any other right or title: and occupied and enjoyed the same in all respects as such owners.

Both parties having rested, the court charged the jury that Hannah Turner took the title to the premises on the death of her grandfather, Nicholas Brouwer, in 1749, as his heir at law; but, that as she was then a feme covert, the statute of limitations did not begin to run against her till 1805, on the death of Edmund Turner, her husband; and as she was also under the disability of insanity, in 1801, when the adverse possession commenced, the statute did not begin to run against her estate until her death, this latter disability having continued till then; and, that her heirs had ten years after this period to bring the action. But, that the right of entry would be barred if the adverse possession, including these ten years, had continued twenty years; and the right of title would also be barred if the adverse possession had continued twenty-five years, including these ten years. That the ten years having expired in 1832, and the action not having been brought by the plaintiff till 1850, it was barred by the statute of limitations in both respects as

an ejectment, or writ of right; and that, upon the law of the case, the defendant was entitled to their verdict.

We think the ruling of the court below was right, and that the judgment should be affirmed.

It is admitted, that, if this suit should be regarded in the light of an action of ejectment to recover possession of the premises, the right of entry would have been barred by the statute of New York, the twenty years bar having elapsed since the right accrued, before suit brought. 1 R. Laws of 1813, p. 185, § 3.

The right of entry of Hannah Turner accrued in 1801, but at that time she was laboring under the disability of coverture, and also of insanity, which latter survived the former, and continued till her death, in 1822. By the saving clause in the third section of the act, the heirs had ten years from the time of her death within which to bring the ejectment, and no longer, notwithstanding they may have been minors, or were laboring under other disabilities, as it is admitted, successive or cumulative disabilities are not allowable under this section. 6 Cow. 74; 3 Johns. Ch. R. 129, 135. The ten years expired in 1832, which, with the time that had elapsed after the adverse possession commenced, exceeded the twenty years given by the statute. The suit was brought in 1850.

But, it is supposed, that the saving clause in the second section of this act, which prescribes a limitation of twenty-five years as a bar to a writ of right, is different, and allows cumulative disabilities; and as ejectment is a substituted remedy in the court below for the writ of right, it is claimed the defendant is bound to make out an adverse possession of twenty-five years, deducting successive or cumulative disabilities. This, however, is a mistake. The saving clause in this second section, though somewhat different in phraseology, has received the same construction in the courts of New York as that given to the third section. 12 Wend. R. 602, 619, 620, 635, 636, 656, 676.

The judgment of the court below is, therefore, affirmed.

### Order.

This cause came on to be heard on the transcript of the record, from the Circuit Court of the United States for the Southern District of New York, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the said Circuit Court in this cause be, and the same is hereby affirmed, with costs.