# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## FIRST GRAND DIVISION.

### JUNE TERM, 1870.

## CONRAD FRITZ

### *v.*

## PETER JOINER *et al.*

1. COLOR OF TITLE—*what constitutes.* Where a purchaser at a sale of land under execution, received a sheriff's deed therefor, and afterwards executed a conveyance to a third person, it was *held*, such deeds constituted color of title, even though the sheriff's sale was void, and possession and payment of taxes under such color would bar a recovery, under the limitation act of 1839, those claiming under the paramount title being under no disability.

2. BURDEN OF PROOF—*as to existence of disabilities.* A party relying upon the existence of a disability, to avoid the operation of the statute of limitations, must prove it.

3. CUMULATIVE DISABILITIES are of no avail, as against a statute of limitations.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

The opinion states the case.

Mr. William H. Underwood, for the appellant.

Mr. E. L. Thomas, for the appellees.

Mr. Chief Justice Lawrence* delivered the opinion of the Court:

This was a bill for partition and assignment of dower, brought by the widow and heirs of one Peter Joiner, deceased, against Conrad Fritz. The bill alleges that Joiner died in 1844, leaving a widow and children, the complainants herein, and seized of an undivided tenth of certain premises described in the bill. The appellant, Fritz, is alleged to be seized of the remaining nine-tenths.

Fritz answers, denying the title of complainants, and alleges that their interest was sold by the sheriff in 1844, on an execution against said Peter Joiner, deceased, and that a sheriff's deed was made in 1846 to one John Padon, the purchaser at the sale, who, in 1852, sold and conveyed the premises to Fritz, receiving therefor their full value. The answer further alleges that Padon took possession of the premises and improved the same, and continued in possession until 1852, when he sold and conveyed the same to Christina Fritz, who, in 1860, sold and conveyed to Conrad Fritz. The answer relies on the possession and payment of taxes since 1852, as a defense, under the statute of limitations.

The evidence shows the facts above stated to be true.

*The term of office of Mr. Chief Justice Breese expired on the sixth day of June, 1870, and thereupon Mr. Justice Lawrence, being the oldest Justice in commission, became Chief Justice. On the same day, Mr. Justice Breese was re-elected, in the First Grand Division, for the term of nine years.

The appellee has filed no brief, and we are not advised upon what theory the decree in favor of complainants was rendered by the circuit court, nor do we perceive how it can be sustained. Admitting the sheriff's sale was void, the deed from Padon to Christina Fritz, and from her to Conrad Fritz, constitute color of title, and the possession and payment of taxes under that title make out the bar, unless there were disabilities. It is true, a part of the children of Joiner were infants at the time of his death, but that disability terminated, as to all but one, more than three years before the commencement of this suit, which is the period allowed by the statute for bringing suit after disabilities are removed. As to one of the children, there may be some doubt, from the indefiniteness with which their ages are stated in the record; but it devolves upon the complainant to remove that doubt, as the party claiming the benefit of the disability must prove its existence.

There is proof in the record that two of the daughters of Joiner married, as the witness states, about eighteen or twenty years ago. The general principle, in regard to statutes of limitation, that cumulative disabilities are of no avail, is well settled, but the proof in this record is altogether too indefinite to enable us to express any opinion as to the effect of these marriages upon the title. Whether these marriages occurred before Christina Fritz took possession under her deed, and commenced the payment of taxes, can not be told from this record. Neither does the record disclose when Padon took possession under his deed from the sheriff, and it leaves in doubt whether the taxes of 1851 were paid by any one. It only discloses enough to enable us to say that the decree for all the complainants was erroneous; but whether they are all barred must depend on proof yet to be taken.

The decree is reversed and the cause remanded.

*Decree reversed.*