## DOWELL V. TUCKER.

1. WILLS: *Probate of, how contested. Statute repealed.*
   Sections 6525, 6526, *Mansfield's Digest*, for contesting in the circuit court the probate or rejection of wills by the probate court were repealed by the subsequent provisions of the civil code upon the same subject.

2. STATUTE OF LIMITATIONS: *Tacking disabilities.*
   The disability of a married woman to sue terminates at her death, and the statute of limitation then begins to run, and can not be postponed for her infant heirs by tacking their disability to hers.

3. SAME:   *When avoidable by demurrer.*
      As a rule the statute of limitations cannot be availed of by demurrer
      to the complaint in an action at law, unless the complaint shows that
      sufficient time had elapsed to bar the action, and the non-existence of
      any ground of avoidance.

APPEAL from *Lawrence* Circuit Court.
Hon. R. H. POWELL, Circuit Judge.

*Frank Doswell* and *J. W. & J. M. Stayton,* for appellants.

· 1. Is *section 32, chapter 18, Gould's Digest,* which was omitted from *Gantt's Digest,* but is carried forward in *Mansfield's Dig.* as *sec. 6525,* authorizing the proceedings in the circuit court by *devisavit vel non,* the law?

2. This section has not been expressly repealed, and if repealed at all it is repealed by implication.   Repeals by implication are not favored.   The rule is: " That an existing statute shall not be repealed by a subsequent enactment unless the repeal be expressed in words of revocation, or unless there is such manifest repugnance that both cannot be in force; and also that all statutes upon the same subject matter shall be so construed as that all shall be continued in force if that construction is possible."   *State, to use, etc., v. Watts et al., 23 Ark., 304.*   See, also, *Babcock v. City of Helena, 34 Ark., 149 ; Morrison v. State, 40 Ark., 448.*

3. The code was intended only to repeal and change the form of actions and suits, and abolished the old forms and modes of procedure in them.   But in all cases other than this, wherein it is silent, the provisions of *Gould's Dig.* are law until repealed or changed by amendment, inconsistent legislation, or expressly.   *Whitehall v. Wells, 20 Ark.,* at p. *111.*   See, also, *McPherson v. State, 29 Ark.,* p. *225.*

4. All statutes and laws in force in the state at the time of the adoption of the civil code in any case provided for

by the code, were repealed by the code, but such repeal did not affect existing rights. *Mansfield's Dig.*, sec. *6363*.

5. Appeals from final orders of the probate court were allowed by *sec. 197, chap. 4, Gould's Dig.;* but by *sec. 198,* same chapter, the time for taking appeal was limited to "the term of the court at which the order complained of was made," and there was no saving or exceptions as to infants, married women, etc. The provisions of *sec. 32, chap. 180, Gould's Dig.*, give additional remedy to that of appeal, and are wise and salutary. Such was the law before the adoption of the code.

6. By second sub-division of *section 513, Civil Code*, appeal lies from the probate court to the circuit court, and thence to the Supreme Court from every order admitting a will to record or rejecting it, if taken within three years from date of such order. There is no saving or exceptions as to infants, married women, etc. By sub-division 12, of *section 513, Civil Code*, any party interested, who was not a party to the proceedings by actual appearance, or being personally served with process, may, within three years after such final decision in the circuit court, by bill in chancery, impeach such decision and have a retrial of the question of probate, and have a jury, etc. An infant not a party shall not be barred of such proceeding in chancery until one year after attaining full age. The remedy given by the last provision was not available, unless there had been an appeal from the probate court to the circuit court, and the question finally determined there. So this court said in *Mitchell et al. v. Rogers, admr., et al., 40 Ark., p. 91.*

7. The provisions of *sec. 32, chap. 180, Gould's Dig.*, and those of subdivision 12, of *sec. 513, Civil Code*, are not the same, nor are they in conflict—the one providing for an original proceeding in the circuit court without regard, and in addition, to the right of appeal from the probate court ;

the other for an original proceeding in chancery to vacate
an order made by the circuit court on appeal from the pro-
bate court. And for the same purpose under subdivision
2 of *sec. 513, Civil Code,* an appeal can be taken from the
final order of the circuit court to the Supreme Court, if
taken within the time named by the section. There is no
provision of the *Civil Code* which gives the same remedy
as that afforded by *sec. 32, chap. 180, Gould's Digest,* and it
is no argument against legislative enactments to say that
they multiply remedies, thereby affording additional means
of asserting and securing private rights, especially those
of the infant, who is always under the protection of the
courts. Nor is said section in any manner inconsistent
with the provisions of the code on the subject under con-
sideration.

8. The law as laid down in *sec. 32, chap. 180,* was the law
of the land at the time the pretended will was admitted to
record. It is admitted that there is no vested right in
any particular remedy. and that the legislature may modify
or change the remedy, but never so as to leave no remedy
at all, or one so difficult as to be practically without avail.
*Woodruff v. Scruggs, 27 Ark., 26 ; McCreary v. State, ib., 425 ;
Riggs v. Martin, 5 Ark., 506.* See, also, *Bishop's Statutory
Crimes, sec. 178,* and authorities therein cited. Also, *section
13, art. 2, Const. 1874.*

The circuit court could have no jurisdiction of the issue
of *devisavit vel non* until the subject matter had been passed
upon and determined by the probate court; hence, it is but
a method of exercising superintending control over the
probate court. And under the provision of *sec. 14, art. 7,
constitution 1874,* the circuit court of Lawrence county had
jurisdiction to hear and determine this case.

As to supervising control of the circuit court over in-
ferior tribunals, see *Carnall v. Crawford Co., 11 Ark., 604,.*

in which this court said that the power of superintending control extends to the parties litigant, as well as the courts themselves. See, also, *Marr ex parte*, *12 Ark., 84*.

12. The case of *Tobin et al. v. Jenkins et al.*, *29 Ark., 150*, was an action begun precisely as this was, since the enactment of the civil code, and since the adoption of the constitution of 1874, and although the constitutionality of the section of *Gould's Digest*, under which the suit was brought and the question as to whether this section was repealed by the code, is not discussed in the published report of the case, is it possible that so important a question as that of the jurisdiction of the circuit court over the subject matter of the suit was entirely overlooked and not considered at all by this court in determining that case?

Later still, in *Janes et al. v. Williams et al.*, *31 Ark., 189*, this court said that *sec. 32*, *chap. 180*, *Gould's Digest*, afforded ample remedy to parties desiring to vacate an order of the probate court admitting a will to probate, and still later in *Ludlow v. Flournoy*, *34 Ark., p. 451*, this court in effect said the same.

15. If *sec. 32*, *chap. 10*, *Gould's Dig.*, is the law, then the statute of limitation had not even begun to run as against plaintiffs at the beginning of this action. The plea of the statute of limitation can not be raised by way of demurrer, but must be pleaded as any other defense to an action.

The statute of limitations does not begin to run against married women until death of the husband or discoverture. *Angell on Lim.*, *chap. 2*, *sec. 60*, *5th edition*.

*W. R. Coody*, for appellees.

The main question is the jurisdiction of the circuit court in such a proceeding. Has the circuit court any original jurisdiction under the laws and constitution of

this state in regard to the probate of wills, so as to try an issue of this character, which was formerly conferred upon it by special statute under the constitution of 1836, or does the provisions of the code in regard to the probate of wills repeal this provision of the statutes, which, with the constitution of 1874, confines it exclusively to the probate court, with appellate power alone in the circuit court?

The legislature in 1838 conferred power upon the courts of probate to admit to probate last wills and testaments either in the common or solemn form, *without appeal*, but instead of appellate power conferred upon the courts original jurisdiction, under the constitution of 1836, to try the old issue of *divisavit vel non* directly, and thereby to sustain or invalidate a will, which had been admitted by the probate court. See, *revised statutes of the state 1838*, *pages 764 to 772*.

Now by our civil code of practice a different system or rule is established, and by the constitution of 1874 different jurisdictions are conferred upon the probate and circuit court. This code, which was adopted in 1868, and went into full effect January 1, 1869, regulated the procedure in all civil actions and *proceedings* in all the courts of this state, though not expressly enumerated, and all that may be thereafter created; and all laws coming within the purview of its provisions *shall* be repealed. *Mansfield's Digest, sec. 4910*.

Even without a repealing clause, it is a general rule in the construction of statutes, which repeal by implication, that when the legislature takes up a whole subject, and covers the entire ground, intending it as substitute for all other statutes upon the same subject, all prior acts will be repealed, although the old acts may contain provisions not embraced within the new. *Pulaski County v. Downer, 10*

*Ark.*, *589; Coats v. Hill, 41 Ark., 151; Mears v. Stewart, 31 Ark., 17.*

But the civil code of practice, not only by intendment and by implication, repealed all other practice acts, coming within its purview, but did so by express declaration, and was clearly intended as a complete system of practice within itself, covering the whole ground and all subjects of civil procedure in all the courts of the state, and to substitute the same as the only rule of practice governing all actions and proceedings of every kind and character. *Nordman v. Craighead, 27 Ark., 371; Smith & Bro. v. Van Gilder, 26 Ark., 532–3.*

While the legislature cannot take away from a party all remedy, yet a party has no vested right in any particular remedy, and the legislature may change the mode of procedure in the courts at will, and such changes will relate back and affect all undetermined cases. *Vaughn v. Bowie, 29 Ark., 278; Green v. Abraham, 43 Ark., 424.*

Then the remedy and proceedings pointed out and established by the code of practice in regard to the probate and contest of wills, is full, plain and complete within itself. *Code, sec. 513, subd. 7, 11; Mansf. Dig., sec. 6522; 14 Bush., 509; 40 Ark., 96; 18 B. Mon., 61; 4 Met. (Ky.), 168; 5 Bush., 386; 11 ib., 332, 337; 14 Bush., 47; 2 Redf., on Wills, 27, 28; 13 Ga., 171.*

The jurisdiction of the probate court is *exclusive* and *original,* in matters of wills, and the circuit court has none except by appeal. *Gould's Dig., p. 312; ib., p. 1078, secs. 32–3–4; ib., p. 1076, secs. 16, 18, 31; Const. 1868, art. 7, sec. 1; 30 Ark., 567.*

Then under the authority conferred by the constitution 1868, the legislature, by the act of March 16, 1871, *Gantt's Digest, secs. 1184* and *1185,* absolutely abolished the probate courts of the state, and conferred " *exclusive*

*original jurisdiction*" upon the circuit courts of everything properly pertaining to courts of probate. *Gantt's Digest, sec 1185; 30 Ark., at page 668.*

Then all the *original*, or exclusive jurisdiction held by the probate courts, either constitutional or legislative, in regard to wills, estates, etc., was, by the express language and provisions of the act of 1871, conferred upon the circuit courts, where it remained fully and exclusively.

*Art. 7, Const. 1874, sec. 34,* created courts of probate, which had been abolished under the act of 1871, in almost the identical language of the constitution of 1836, and in language that cannot be mistaken, declared that the probate court should " have *such exclusive original* jurisdiction in matters relating to the probate of wills, the estates of deceased persons, executors, administrators, guardians and persons of unsound mind, and their estates AS IS NOW VESTED IN THE CIRCUIT COURT, or may be hereafter prescribed by law." See, *sec. 1185, Gantt's Digest.*

*Art. 7, sec. 11, Const. 1874:* The circuit court is the great residuum of uninvested jurisdiction, and only can hold such as is not conferred upon some other court. *State v. Devers, 34 Ark., pages 192 to 198.*

The same statute which confers exclusive original jurisdiction in matters of estates of deceased persons, executors and administrators upon the probate court, confers the like exclusive jurisdiction in regard to the probate of wills. *Gantt's Digest, sec. 1184.* And this jurisdiction, ever since the constitution of 1874, has been recognized by this court as exclusive, except for fraud in chancery. *Perkins v. Sheegog, 34 Ark., 127; West v. Waddell, 33 Ark., 581;* and *Rienhart v. Gartrill, ib., 728.*

As to wills, this jurisdiction is more exclusive and absolute in the probate courts, from the fact that their action in regard to wills cannot even be reviewed in chancery; it

can only be reached by appeal. *Mitchel v. Rogers, 40 Ark,* *91.*

But as it were apparently to put this question entirely at rest, and have no doubt as to the jurisdiction of the probate courts, the constitution of 1874, by section 23 to the schedule thereof, declared in emphatic language, " that the probate courts *shall* be a continuation of the circuit courts for all matters of probate jurisdiction, and the papers and records pertaining to said courts and *jurisdictions* shall be transferred accordingly.

The appellants are barred. The statute commenced to run on the death of Mrs. Dowell, and the minors could not tack their disabilities to hers. *19 Ark., 291; 13 ib., 344; Angell on Limitation, secs. 195, 199, 477, note (1),* and *478 to 482; 1 How., U. S., 247 ; 23 Miss., 133 ; 9 Humph., 546 ; 16 Ark., 154 ; 22 ib., 5 ; 1 Metc. (Ky ), 602; 17 Ark., 609; ib., 661–2 ; 31 Ark., 378–9.*

BATTLE, J.    On the 18th day of August, 1884, Harry M. Dowell and Taylor Dowell commenced this action against Frank W. Tucker and others. They state in their complaint, among other things, as follows :

That, on or about the 9th day of September, 1865, Samuel Robinson departed this life intestate, leaving him surviving his daughter, Martha C. Dowell, wife of John Henry Dowell, as his sole heir at law, the said Martha C. being the mother and the said John Henry Dowell being the father of plaintiffs. That Samuel Robinson, at the time of his death, was seized and possessed of real and personal property of the value of $40,000. That some time in March, 1868, Martha C. Dowell departed this life intestate, leaving her surviving her husband, the said John Henry Dowell, and the plaintiffs, her sons, and sole heirs at law.

That on the 11th day of October, 1865, the said John

Henry Dowell, at the county of Lawrence and before the probate court of said county, "procured to be propounded a certain instrument of writing, which he falsely and fraudulently represented to be the last will and testament of Samuel Robinson, deceased."

That by this supposed will Samuel Robinson is made to say: "I give, devise and bequeath to my daughter, Martha Cyrena Dowell, and my son-in-law, John Henry Dowell, the whole of my undivided estate, all the property, real, personal and mixed, of which I shall die seized or possessed, or to which I shall be entitled at the time of my decease, of whatever kind or character, to have and to hold to them and their heirs to their use and benefit forever, without any reserve whatever."

That this paper was probated and admitted to record by the court of probate of Lawrence county, and said John Henry Dowell qualified as executor thereof and took possession of the personal and real estate, sold and disposed of the former, settled with the court, and was discharged before the commencement of this suit. That the said paper-writing was not the last will and testament of said Samuel Robinson, deceased, because—

*First*—He was, at the time when, etc., mentally incapable of making a will.

*Second*—Said will was not the voluntary conscious act of the said Samuel Robinson, but was prepared, concocted and executed by the said John Henry Dowell, and under his direction and influence, and was procured by fraud and deceit practiced upon the said Samuel by the said John Henry.

*Third*—That there was no publication of the will and no declaration by the said Samuel concerning the same.

*Fourth*—That the probate was informal.

That after the death of the said Martha C. the said John
H. sold and conveyed the lands to Henry M. Mandeville
and William Allen, since deceased, who took possession
under their deed; that since that time Mandeville sold and
conveyed his interest to defendant, Frank W. Tucker, and
Tucker reconveyed by way of trust to secure the purchase
money, and that this trust is still unsatisfied; that Allen
died before the commencement of this action, leaving a
widow and divers heirs, some of whom are known and
others unknown to plaintiffs; that Tucker and the heirs of
Allen are in possession of the lands, who, with Mande-
ville, are made defendants.

The prayer of the complaint was that said pretended
will be rejected, declared void and held for naught, and
for other relief.

The defendant, Tucker, demurred to the complaint, be-
cause—

*First*—It did not state facts sufficient to constitute a
cause of action against him. *Second*—The circuit court
has no jurisdiction of the subject matter of the contro-
versy. *Third*—Misjoinder of parties defendant. *Fourth*—
For want of proper parties. *Fifth*—That neither of the
paragraphs shows a cause of action, nor all together,
against him. *Sixth*—Because the action appears to be
barred by limitation of five years. *Seventh*—Because
plaintiffs are estopped by acts of their ancestors, through
whom they claim.

The demurrer was sustained by the court, and the plain-
tiffs appealed.

1. CONTEST-
ING WILLS:
Statute
repealed.
This action is based on sections 6525 and 6526 of Mans-
field's Digest, which say: "If any person interested in
the probate of any will shall appear within five years after
the probate or rejection thereof, and by petition to the cir-
cuit court of the county in which such will was estab-

lished or rejected, pray to have any such will rejected, if previously established, or proven, if previously rejected by the court of probate, it shall be the duty of the circuit court to direct an issue to try the validity of such will, which issue shall in all cases be tried by a jury."

"Sec. 6526. If no person shall appear within the time aforesaid to contest the validity of such will, the probate or rejection thereof shall be binding, saving to infants, married women, persons absent from the United States, or of unsound mind, a like period after their respective disabilities are removed."

Have these statutes been repealed? They were a part of the revised statutes of this state. Subsequent to their enactment the civil code of practice was enacted. Section 513 of the civil code provides, that wills shall be proven before and admitted to record by the probate court; that an appeal shall lie from the probate court to the circuit court, and thence to the Supreme Court, upon every order admitting a will to record, or rejecting it; that the appeal to the circuit court shall be taken within three years after rendering the order of probate, or rejection in the probate court, and to the Supreme Court within one year after the decision in the circuit court; that the court to which a will is offered for probate may cause all persons interested in the probate to be summoned to appear on a certain day; that when the proceeding is taken to the circuit court, all the necessary parties shall be brought before the court; and upon the demand of any one of them a jury shall be empanneled to try which or how much of any testamentary paper produced is, or is not, the last will of the testator; that, if no jury be demanded, the court shall determine that question, and the final decision given *shall be a bar to any other proceeding to call the probate or rejection of the will in question*—subject to the right of appeal or writ

29–46

of error to the Supreme Court as hereinbefore named, but nothing in that section should preclude a court of chancery from its jurisdiction to impeach such final decision, for such reason as would give it jurisdiction over any other judgment at law.

Section 21 of the civil code provides that appeals from orders and judgments of the probate court "may be taken to the circuit court in the same time and in a similar manner in which appeals from the circuit court are taken to the Supreme Court, except that the original papers and copies of the orders of the probate court shall be delivered by the clerk of the probate court to the clerk of the circuit court, upon an appeal being taken, instead of a copy of the complete record."

Section 780 says: " This code of practice shall regulate the procedure in all civil actions and proceedings in the courts of this state, and all laws coming within the purview of its provisions shall be repealed."

Section 857 says: "All statutes and laws heretofore in force in this state, *in any case provided for by this code*, or inconsistent with its provisions, are hereby repealed and abrogated."

The civil code of practice unquestionably provided for all cases in which *sections 6525* and *6526 of Mansfield's Digest* afforded any relief or remedy, and that being the case repealed the last named sections.

In the absence of an express repeal they were repealed by the code by implication. For, as said in *Pulaski County v. Downer, 10 Ark., 590*, " The authorities are abundant to support the proposition that when the legislature takes up a whole subject anew, and covers the entire ground of the subject matter of a former statute, and evidently intended it as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that

effect, and there may be in the old act provisions not embraced in the new." See *Mears v. Stewart, 31 Ark., 19.*

The general assembly, by an act entitled " An act to divide the state into sixteen judicial circuits, to confer original jurisdiction in all matters pertaining to probate and administration upon circuit courts, and to fix the time for holding said courts," approved April 16, 1873, abolished probate courts, and vested in the circuit court all the. powers and jurisdiction formerly, and at the time of the passage of the act, possessed by courts of probate.

The circuit court was vested with jurisdiction in all matters pertaining to the probate of wills at the time the constitution of 1874 was adopted. By that constitution probate courts were re-created and vested with " such exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians and persons of unsound mind, and their estates, as was then vested in the circuit courts, or might be thereafter prescribed by law."

It must follow, then, that under the constitution of 1874, the circuit court has not and cannot take original jurisdiction in any matter relative to the probate of wills.

If it be true that the statutes relied on by appellants are still in force, they are barred from maintaining this action. The five years in which these statutes required such actions to be brought expired before the commencement of this suit.

2. STATUTE OF LIMITATIONS: Tacking disabilities

The complaint alleges that Samuel Robinson, the testator, left him surviving Martha C. Dowell, his daughter, his sole heir; that the will in question was probated on the 11th day of October, 1865 ; that Martha C. was a married woman at this time, and so continued until her death ; and that she died some time in March, 1868, intestate, leaving surviving her, the plaintiffs her sole heirs and dis-

tributees at law.    Under this state of facts Martha C.
Dowell was the only party who had a right to contest the
will of Robinson during her lifetime.    She was a married
woman, and the five years did not commence running
during her coverture; but when she died it commenced
running against the plaintiffs.    The fact that they where
minors at that time did not prevent the statute running.
They cannot tack their disabilities to that of their mother,
Martha C. Dowell, in order to suspend or continue the
suspension of the operation of the statute.    This is a well
settled principle of law.    *Angell on Limitations (6 ed.), secs.
197, 198, 477, 479, 482; Wood on Limitations, sec. 251;
Thorp v. Raymond, 16 How. (U. S.), 247; Lewis v. Marshall,
5 Pet. (U. S.), 469; Carter v. Cantrell, 16 Ark., 164; Par-
sons v. McCracken, 9 Leigh, 495; Bunce v. Walcott, 2
Conn., 32.*

As a rule the statute of limitation cannot be taken ad-
vantage of by demurrer to the complaint, in an action at
law, unless the complaint shows that a sufficient time had
elapsed to bar the action, and the non-existence of any
ground of avoidance.    That is done by the complaint in
this case.    *Collins v. Mack, 31 Ark., 684; McGehee v. Black-
well, 28 Ark., 27.*

The demurrer in this case was properly sustained.    The
judgment of the court below is affirmed.