## McKEEN v. MORSE.[1]

### (Circuit Court of Appeals, Second Circuit. November 7, 1891.)

**1. DEMURRAGE—FAILURE TO PROTEST—LACHES.**
    On claim of demurrage it was shown that neither the charter nor the bill of lading contained any provision as to demurrage; the master made no formal protest against the delay, but signed without objection the bill of lading, and did not bring suit until long after. *Held*, that demurrage could not be recovered.

**2. ACCORD AND SATISFACTION—RETAINING CHECK—PROTEST.**
    A master of a vessel received from the charterer a check, which charterer claimed was in full payment of the master's claim for demurrage. The master retained the check, but notified the charterer that it was not sufficient, and that he would sue. *Held*, that his retaining the check was not an accord and satisfaction.

In Admiralty. Appeal from a decree of the district court of the United States for the southern district of New York, dismissing the libel of the libelant.

The respondent chartered libelant's schooner to carry ice from Richmond, Me., to New York. The vessel arrived at Richmond August 27, 1890, and her master at once gave notice of his readiness to load. The loading was not completed until September 10th. Libelant claimed that five days would have been sufficient in which to load, but it appeared that he made no formal protest against his detention. Neither the charter nor the bill of lading contained any provision in regard to demurrage, and the master signed the bill of lading without protest. He also made no complaint on his arrival in New York, or at any time until the commencement of this suit. The district court dismissed this part of the libelant's claim. There was also a further claim by the libelant for demurrage at Poughkeepsie. The respondent admitted some liability, and gave the master a check for $125. The latter retained it, but did not agree to accept it in full settlement, or to retain it. He also notified the charterer that he would sue. On suit being brought, respondent claimed that the retaining of the check by the master was an accord and satisfaction. The district court declined to sustain the claim, and awarded judgment to the libelant for $484 demurrage, less the $125 already paid, and both parties appealed to this court.

*Wilcox, Adams & Green*, for libelant.

*Wing, Shoudy & Putnam*, for respondent.

Before WALLACE and LACOMBE, Circuit Judges.

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

PER CURIAM. There is no merit in the claim of the libelant for the detention of his vessel at Richmond. He was aware of this himself, and did not assert any such claim in his conversations with the respondents, but insisted upon compensation for the detention at Poughkeepsie. The respondents, recognizing their liability for the detention at Poughkeepsie, tried to induce him to accept $100 in full. He refused, and they handed him a check for $125. When he read it, and saw the amount, he told them it would not satisfy the owners; but they insisted upon his keeping it, telling him, if he found it did not satisfy the owners, to return it; and he replied that he would sue them. Not only did he not promise to accept the check in full settlement, but he did not expressly promise to return it. If his conduct led them to suppose he would return it before suing them, they have lost nothing by his omission to do so. Even if he had expressly promised to do so, his subsequent neglect or refusal would not afford the respondents a defense. He was entitled to a much larger sum; and nothing short of an accord and satisfaction, or the acceptance of the check as a discharge in full, is a release. The decree is affirmed, without costs of this court to either party, both parties having appealed, and the cause is remanded to the circuit court with instructions to enter a decree accordingly, with interest.