MESSINGER v. FOSTER.

(Supreme Court, Appellate Division, Second Department. November 28, 1906.)

1. LIMITATION OF ACTIONS—EJECTMENT—DISABILITIES.

Any disability of heirs to whom title to land descends after commencement of adverse possession against the ancestor does not extend their time for bringing ejectment therefor beyond the twenty years limited to the ancestor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 417–420.]

2. SAME.

Though the owner of land was an infant just born when adverse possession of it began, and died before his right of action to recover was barred, leaving infant heirs, their right of action, as his would have been, is barred, if there was no other disability than infancy, when the possession has continued 31 years; Code Civ. Proc. § 375, providing that if a person, who might maintain an action to recover real estate, is, when his cause of action first accrues, either under the age of 21 years, or insane, or imprisoned, the time of such disability is not a part of the time limited for commencing the action, except that the time so limited cannot be extended more than 10 years after the disability ceases, or after the death of the person so disabled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 422, 423.]

3. MORTGAGES—REDEMPTION FROM MORTGAGEES IN POSSESSION—LIMITATION.

Where there were proceedings to foreclose a mortgage, and the sheriff, by deed reciting the proceedings and sale thereunder, conveyed to the mortgagee, and the mortgagee by warranty deed, which assigned the mortgage, at least, conveyed to another, who went into possession, such possession was that of a mortgagee in possession, time to redeem from whom is limited by Code Civ. Proc. § 379, to 20 years, which time may be extended, under section 396, not more than 1 year for the disability of infancy, or 5 years for the disability of insanity or imprisonment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 1733–1741, 1822, 1824.]

4. VENDOR AND PURCHASER—MARKETABLE TITLE.

Where persons have possession of land as mortgagees in possession, and suit to redeem from them is barred, they have a marketable title, which is not affected by the fact that an action of ejectment, by reason of a disability of insanity or imprisonment, is not barred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 247.]

Submission of controversy between Henrietta A. Messinger, as plaintiff, and Henry Foster, as defendant. Judgment for plaintiff.

Controversy submitted under section 1729 of the Code of Civil Procedure.

The plaintiff asks for specific performance of a contract by the defendant with her to purchase a lot of land in the city of Mount Vernon, Westchester county, N. Y. The defendant claims that the title is not marketable.

John C. Ferguson being the owner of the land executed with his wife a mortgage thereon to John C. Remsen in 1852 for $1,200. The mortgagee began an action to foreclose the mortgage in the Westchester county court in 1854, as appears by an entry by the county clerk in the appropriate book in his office of the filing of the summons, complaint and lis pendens on November 27, 1854. Nothing concerning the said action is extant in the said office excepting the said entry. There is no subsequent entry, and neither the said papers nor any other papers in the said action, are to be found in the said office. Nevertheless the sheriff of the said county conveyed the said land to the said mortgagee

by a deed dated March 20, 1855, which recites the said action, judgment therein, due sale thereunder by the sheriff appointed by the judgment for that purpose, etc. The said sheriff's grantee conveyed by warranty deed in 1865 to Margaret I. Smith, and she thereupon entered into the actual possession of the land, fenced it round about, cultivated it, lived in the dwelling thereon, and continued in such possession until February 8, 1889, when she conveyed it to Joseph A. Smith, who entered and continued in such possession until March 15, 1902, when he conveyed it to Charles Messinger, who entered and continued in possession until April 20, 1904, when he conveyed it to his wife, the plaintiff, since which time she and he have continued such possession. A continuous adverse possession under the said conveyances from April 29, 1865, to the present time is admitted. It is not known whether the said mortgagor be dead or alive, or, if dead, whether he died before or after such adverse possession began, or who his heirs are.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Elmer P. Smith, for plaintiff.
J. Mortimer Bell, for defendant

GAYNOR, J. 1. The adverse possession from which the plaintiff claims title began April 29, 1865, at the latest, which is over 41 years ago. The adverse title is therefore made out, whether the alleged fee owner against whom and his heirs such possession ran, died after or before that time. If he died after, then the cause of action had accrued during his lifetime, and his heirs, whether infants or adults, were limited to the time limited to their ancestor to bring ejectment, viz., 20 years from the time the cause of action accrued to him. Where an adverse possession begins to run in the lifetime of the ancestor and the land descends to an infant, the latter may bring ejectment only during the period limited to the ancestor. Such disability does not extend the time; and the same is true of all the disabilities. Peck v. Randall, 1 Johns. 165; Jackson v. Moore, 13 Johns. 513, 7 Am. Dec. 398; Demarest v. Wynkoop, 3 Johns. Ch. 129, 139, et seq.; Bradstreet v. Clarke, 12 Wend. 602, 636. And if the said fee owner died before the adverse possession began, leaving infant heirs, the case is not changed. If a right of action in ejectment accrue to an infant immediately after his birth (which is the extreme case), the time limited to begin the action is the 21 years of infancy plus 10 years (Code Civ. Proc. § 375); and the infant heirs of an infant are limited to the period limited to their ancestor, but not to be extended more than ten years after his death (section 375). Disability cannot be added to disability. If that were permitted a right might travel through minorities for an indefinite time—for two centuries, Lord Eldon said. Demarest v. Wynkoop, 3 Johns. Ch. 139.

2. Aside from the question of adverse possession, the entry was at least that of a mortgagee made peaceably and lawfully, for the mortgagee's warranty deed assigned the mortgage, at least; and therefore the possession was that of a mortgagee in possession, in which case the same limitation of a suit to redeem obtains as in the case of an action in ejectment, viz., 20 years (section 379), with a possible addition of only 1 year in the case of infancy (section 396); and after such

suit is barred the title is in the mortgagee or his grantees or successors in possession.

3. There remain only the improbable disabilities of insanity and imprisonment. If either existed when the adverse entry was made, it, or the 10 years additional given after it ceased, might exist yet in respect of an action of ejectment (section 375), for manslaughter in the first degree was then punishable by imprisonment for any number of years not less than 7, in the discretion of the court. But it could not still exist in respect of the action to redeem, for there the 20 years period of limitation cannot be extended for more than 5 years by insanity or imprisonment.

The plaintiff is entitled to judgment.

Judgment for the plaintiff on submission of controversy. All concur.