[S. F. No. 4527.   Department Two.—March 5, 1908.]

TERESA CASSERLY, Appellant, v. COUNTY OF ALA-MEDA, Respondent.

PUBLIC SQUARES—PARTITION DEEDS BETWEEN COTENANTS—ADOPTION OF MAP SHOWING SQUARES—DEDICATION—ABANDONMENT TO PUBLIC USE.—Where all the tenants in common of a tract of land made partition deeds thereof, in 1853, adopting a particular map of the town of Oakland, as part of their confirmatory deeds, on which two blocks of the tract were designated as public squares, which the town of Oakland was then in possession and use of as such, and which were excluded from their partition deeds, the adoption of such map by them was the equivalent either of a formal dedication of the land to public use, or at least to an abandonment thereof to such use.

ID.—ADVERSE POSSESSION OF SQUARES BY TOWN, CITY AND COUNTY—PRESCRIPTIVE TITLE AGAINST DEVISEE OF COTENANT.—The adverse open, notorious, and exclusive possession and use of such public squares, by the town and city of Oakland from 1852 to 1874, and by the county of Alameda pursuant to an act of the legislature, from 1874, when county buildings were erected thereon and maintained by the county adversely to all the world for the further period of more than twenty-nine years, and for twenty-seven years after the patent of the United States was issued to the original owner of the Mexican grant, under whom the cotenants making the partition deeds acquired title, gives the county a perfect prescriptive title in the squares, under the statute of limitations, as against

an action thereafter by a devisee of one of its cotenants to quiet title to a fractional share therein.

ID.—STATUTE OF LIMITATIONS AGAINST COTENANTS.—The statute of limitations will run in favor of tenants in adverse possession, even as against their cotenants.

ID.—STALE DEMAND.—The commencement of the action to quiet title to a fractional interest in the public squares after such a lapse of time, is the presentation of a stale demand, irrespective of the statute of limitations.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

James T. Boyd, and John B. Casserly, for Appellant.

U. S. Webb, Attorney-General, Geo. A. Sturtevant, Deputy Attorney-General, J. J. Allen, District Attorney, Everett J. Brown, succeeding District Attorney, and Walter J. Burpee, Deputy District Attorney, for Respondent.

McFARLAND, J.—Plaintiff brought an action to quiet her title to one thirty-sixth interest in two blocks of land in the city of Oakland. The defendant set forth its claim of title, and pleaded special defenses of the statute of limitations, adverse possession, dedication of the property to the town of Oakland, estoppel *in pais,* and laches. Judgment was in favor of the county of Alameda, and plaintiff appeals.

The land in controversy was originally a part of the Rancho San Antonio granted by Spain to Luis Peralta. Through the Peraltas, Eugene Casserly (through whom plaintiff claims as devisee), John C. Hays, Joseph K. Irving, and others obtained title. The lands in controversy were two blocks in the town of Oakland as laid off on Kellersberger's map thereof. Casserly, Irving, Hays, and others as tenants in common of these lands effected by agreement a partition thereof. They adopted Kellersberger's map of the town of Oakland as a part of the confirmatory deeds which they exchanged. In dividing the land as shown upon this map they drew the blocks by lot. The blocks on Kellersberger's map were numbered, saving certain ones which were designated as

public parks or squares. The blocks in controversy were not drawn for partition and were not named in the confirmatory deeds. Upon Kellersberger's map the blocks were designated respectively as Washington and Franklin squares. The apparent and sufficient reason why these lots were not mentioned in the confirmatory deeds was that at and before this time, the town of Oakland was using these blocks as public squares, and continued to use them, fencing them and treating them in all respects as property of the city from 1852 until February 1874, when the legislature passed an act enabling the board of supervisors of the county of Alameda to erect county buildings on Washington and Franklin plazas. (Stats. 1873, pp. 58, 59.) The act provided for the grant of Washington and Franklin plazas by the city of Oakland to the county of Alameda. The city then executed its deed to the county which was duly recorded, and in March, 1874, the county of Alameda went into the actual occupation of all of this land, and has openly, notoriously, under claim of right, and adversely to all the world continued in the full and complete occupation of it ever since. Upon it are erected its county buildings, courthouse, jail, recorder's and county clerk's offices, etc. The partition deeds were executed in August, 1853. From that date until the commencement of this action the county of Alameda and its predecessors in interest, the town and city of Oakland, have always exercised full and complete ownership and dominion over this property. As public property it has never been assessed for the payment of taxes. Thus, for a period of more than fifty years, it has been held and used under claim of ownership adverse to plaintiff's title. These two blocks were not embraced in the partition deeds, and much force attaches to the argument that the failure to do this, coupled with the adoption of the Kellersberger map indicating these blocks as public squares, was the equivalent either of a formal dedication of the land to public use, or at least to an abandonment to such use. Thus in *People* v. *Blake,* 60 Cal. 497, this court, speaking in reference to this map, said: "Now, when the original owners of the land made the Kellersberger map, or which was equivalent to the same thing, adopted and had recorded the map made by the original squatters, they thereby dedicated to the public use all the streets and public squares to the extent as designated upon

the map." But we need not be at pains to elaborate on the question of dedication, for indisputably the claim of plaintiff is barred by the statute of limitations, and is a stale demand in equity. The use of the town of Oakland of these blocks as public squares, antedating the exchange of the partition deeds, the designation upon the map of these blocks as public squares, the acquiescence and acceptance of the partitioners in this as shown by their adoption of the Kellersberger map, and of their failure to include the blocks in controversy in their deeds, the continued exclusive use and holding by the town of Oakland and subsequently by the city of Oakland of these blocks as public property of the city, the subsequent legislative enactment empowering the city to convey to the county, the conveyance to the county, the erection of the public buildings upon the land, one and all were open and notorious acts of ownership, conveying to all the world information of the good faith of the municipal corporations and of their claim of exclusive ownership and their exercise of absolute dominion over the property. So far as the county of Alameda is concerned, it has exercised these acts of ownership for a period of more than twenty-nine years before plaintiff commenced her action, and for twenty-six years after the patent of the United States was issued to Don Vicente Peralta. In fact and in law it cannot be contended that the city's possession, and subsequently the county's, was that of a tenant in common with the plaintiff. Every act was in hostility to such a contention, and the statute of limitations will run in favor of tenants in adverse possession, even against their cotenants. (*Gregory* v. *Gregory,* 102 Cal. 53, [36 Pac. 364].) It is concluded, therefore, that appellant's action was undoubtedly barred by the statute of limitations. (Code Civ. Proc., secs. 318, 319, 323, 324, 325.) The commencement of such an action as this after such a lapse of time, irrespective of the statute of limitations, is the presentation of a stale demand. (*Seculovich* v. *Morton,* 101 Cal. 676, [40 Am. St. Rep. 106, 36 Pac. 387].)

For which reasons the judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.