## MARTIN et al. v. GOODMAN et al.

No. 14856.    Opinion Filed July 19, 1927.

(Syllabus.)

1. **Limitation of Actions—Action to Quiet Title as Preliminary to Action in Ejectment.**

Where plaintiffs, claiming to own real property which is in the possession of the defendants, seek in an action in equity to obtain a judgment which will subsequently enable them to obtain possession of the property by another action, such alleged owners must assert their right within the time prescribed by statute for suits in ejectment or they will lose their right to maintain the equitable action.

2. **Same—Infants—Disability to Sue Terminated By Death—Limitation Started Against Minor Heirs.**

The disability of a minor to sue as provided for in C. O. S. 1921, section 1496, terminates at her death, and the statute of limitation then begins to run and cannot be postponed to her infant heirs by tacking their disability to hers.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Bennie Martin et al. against J. G. Goodman et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

Sigler & Jackson, for plaintiffs in error.

J. A. Bass, Potterf & Gray, and Blanton & Osborne, for defendants in error.

REID, C. The parties to this action appear here as they did in the trial court, and they will here be referred to as plaintiffs and defendants.

Eva Jackson was a Chickasaw freedman, and the land in controversy was allotted to her as such, and she will be hereinafter referred to as the allottee. In 1909 a guardian of the allottee sold this land, under orders of the county court of Carter county, to the defendant J. G. Goodman, who filed his deed for record on June 28, 1909, and he has since that time been in the adverse possession of the land. The other defendants hold liens on the land. The allottee married Bennie Martin, and died in 1917, while a minor, leaving her husband and two children, who, while yet minors, join with their father, Bennie Martin, in this action.

Plaintiffs contend that the proceedings re-

lating to the sale, and the deed made in pursuance thereof, are all void, and ask for a decree so adjudging them, and removing them as a cloud upon their title.

The defendants contend that the sale was valid, and in addition plead the statutes, of limitation of two, three, and five years. To this plea of limitation plaintiffs answer that the suit is to quiet title, an action in equity, and that therefore the statutes of limitation pleaded by the defendants have no application.

The sections of C. O. S. 1921 which become material in the consideration of this case are as follows:

"Sec. 182. Limitations Applicable. Civil actions can only be commenced within the periods prescribed in this article. after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation.

"Sec. 183. Limitation of Real Action. Actions for the recovery of real property or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter. * * *

"Second: An action for the recovery of real property, sold by execu'ors. administrators, or guardians, upon an order or judgment of a court directing such sale, brought by the heirs or devisees of the deceased person. or the ward or his guardian, or any person claiming under any or either of them by the title acquired after the date of the judgment or order within five years after the date of the recording of the deed made in pursuance of the sale.

"Sec. 1496. Action for Recovery of Estate Sold. Nn action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."

It is fair to assume that if the plaintiffs recover in this action, then an action in ejectment for possession of the land will be brought; otherwise, a judgment in their favor in this suit would bear no fruit to them.

Let us see if they can avoid the operation of the foregoing statutes by this procedure. We have found the rule we deem applicable here to be well stated in the case of Ford et al. v. Clendenin et al., 215 N. Y. 10, 109

N. E. 124, Ann. Cas. 1917A, p. 658, in which the court says:

"The owner of real property who is in possession thereof may wait until his possession is invaded or his title is attacked before taking steps to vindicate his right. A person claiming title to real property, but not in possession thereof, must act affirmatively and within the time provided by the statute. Possession is a continuing right as is the right to defend such possession. So it has been determined that an owner of real property in possession has a continuing right to invoke a court of equity to remove a cloud that is a continuing menace to his title. Such a menace is compared to a continuing nuisance or trespass which is treated as successive nuisances or trespasses, not barred by statute until continued without interruption for a length of time sufficient to affect a change of title as a matter of law. (Miner v. Beekman, supra; Galway v. Metropolitan El. R. Co., 128 N. Y. 132, 28 N. E. 479, 13 L. R. A. 788).''

"Where a person who claims to own real property which is in the possession of another seeks in an action in equity to obtain a judgment which will subsequently enable him to obtain possession thereof, every reason which can exist in any case for diligence on the part of the person making a claim in asserting the same is applicable. Such an alleged owner claiming a cause of action in equity against the person in possession of real property must assert it within the time prescribed by statute or he will lose his right to maintain it. (Miner v. Beekman, supra; Hubbell v. Sibley, 50 N. Y. 468; Cahill v. Seitz, 93 App. Div. 105, 86 N. Y. S. 1009; O'Donohue v. Smith, 130 App. Div. 214, 114 N. Y. S. 636; Sage v. Winona, etc., R. Co., 58 Fed. 297, 1 C. C. A. 237; Casserly v. Alameda County, 153 Cal. 170, 94 Pac. 765; Eve v. Louis, 91 Ind. 457; Caress v. Foster, 62 Ind. 145; Cooper v. Rhea, 82 Kan. 109, 107 Pac. 799, 136 Am. St. Rep. 100, 29 L. R. A. [N. S.] 930, note; 20 Ann. Cas. 42, note.)"

That was a case involving the old homestead of Horace Greeley, and the subject-matter of the action suggests the careful consideration which the court gave to the question, and we have found no authority holding contrary to the doctrine there so well stated.

The law discourages a multiplicity of suits. The plaintiffs cannot avoid the effect of the above statutes of limitation by asserting their cause of action in piecemeal. Those statutes do not rest upon foundations so easily undermined. An action in ejectment could have been joined with this. This suit must fail if ejectment would be barred, as they here rest upon the same statutes of limitation.

At the time the allottee died, she was a minor. She left two children and her husband as her heirs. The children were yet minors at the time this suit was filed. The exact date of the death of the allottee is not shown; except that she died in 1917. The suit was filed October 19, 1922.

Within the meaning of said section 1496, C. O. S. 1921, the cause of action only accrued to the allottee, and it accrued to her when Goodman placed his deed of record in 1909 and went into possession. McDonald v. Hovey, 110 U. S. 619. The guardianship terminated as to her upon her death in 1917. Her death had the same effect upon this question as if she had at that time reached her majority, and the period of three years provided for in section 1496 then began its operation; the case then coming within the special exception provided for in said section 182.

The statute of limitation would be the same whether the sale was irregular, voidable, or void. Walker v. Hatcher, 109 Okla. 283, 231 Pac. 88. That case exhaustively reviews the decision of this court, and is controlling on the question here presented, and we therefore express no opinion as to the validity of this sale. It will also be observed that the above case was one involving the sale by guardian of lands allotted to the ward as a Choctaw Indian, but the restriction of minority did not prevent the statutes of limitation from running.

The statute of five years provided for in said section 183, subd. 2, had expired before the death of the allottee, but her right of recovery, if she had any, had been postponed by section 1496. Let us see what rule of limitation began operation at her death. Whatever interest the plaintiffs may have in this land they took by inheritance from the allottee, and subject to the conditions under which she could assert her right to it. Upon her death could her minor children then tack their minority to that of their minor mother and extend her limitation of three years to three years after they reach their majority? We think not. Suppose one of them should die in minority and leave minor children? That happened once and it might occur again.

Justice McLean, speaking for the Supreme Court of the United States, Lewis et al. v. Marshall et al., 5 Pet. 470, announced the doctrine applicable to the condition here presented when he said:

"Statutes of limitation have been emphatically and justly denominated statutes of repose. The best interests of society require that causes of action should not be deferred an unreasonable time. This remark is peculiarly applicable to land titles. Nothing so much retards the growth and prosperity of a country as insecurity of titles to real estate. Labor is paralyzed where the enjoyment of its fruits is uncertain; and litigation without limit produces ruinous consequences to individuals."

Largely because of the fact that this is a new state we must look for a solution of these questions of limitation to the text-writers and to the decisions of the courts of older states.

Wood on Limitation, section 251, says:

"Except where the statute otherwise so provides, one disability cannot be tacked to another, nor the disabilities of an ancestor to those of the heir, to protect a party from the operation of the statute."

It will be understood that in many states it is provided by statute that limitation shall not run against married women, which is analogous to the situation here presented. Mansfield's Digest of Arkansas had such statutes, and the following sections have been construed by the Supreme Court of that state:

"Sec. 6525. If any person interested in the probate of any will shall appear within five years after the probate or rejection thereof, and by petition to the circuit court of the county in which such will was established or rejected, pray to have any such will rejected, if previously established or proven, if previously rejected by the court of probate, it shall be the duty of the circuit court to direct an issue to try the validity of such will, which issue shall in all cases be tried by a jury."

"Sec. 6526. If no person shall appear within the time aforesaid to contest the validity of such will, the probate or rejection thereof shall be binding, saving to infants, married women, persons absent from the United States, or of unsound mind. a like period after their respective disabilities are removed."

In the case of Dowell v. Tucker, 46 Ark. 438, interpreting these sections, the court said:

"The complaint alleges that Samuel Robinson, the testator, left him surviving Martha C. Dowell, his daughter, his sole heir; that the will in question was probated on the 11 day of October, 1865; that Martha C. was a married woman at this time, and so continued until her death; and that she died some time in March 1868, intestate, leaving surviving her, the plaintiffs her sole heirs and distributees at law. Under this state of facts Martha C. Dowell was the only party who had a right to contest the

will of Robinson, during her lifetime. She was a married women, and the five years did not commence running during her coverture; but when she died it commenced running against the plaintiffs. The fact that they were minors at that time did not prevent the statute running. They cannot tack their disabilities to that of their mother, Martha C. Dowell, in order to suspend or continue the suspension of the operation of the statute. This is a well settled principle of law."

And that court has recently confirmed this principle in the case of Hoggard v. Mitchell et al. (Ark.) 261 S. W. 643. As approving this doct.ine, further see: Robinson v. Allison et al., 192 Mo. 336, 91 S. W. 115; De Hatre et al. v. Edmonds et al., 200 Mo. 246, 98 S. W. 744; Rutter et al. v. Carothers et al., 233 Mo. 631, 122 S. W. 1056; Thorp v. Raymond, 57 U. S. 247, 14 L. Ed. 923; Clark v. Jones, 55 Ky. 121; Fritz v. Joiner, 54 Ill. 101; Messinger v. Foster, 101 N. Y. Supp. 387, 115 App. Div. 689.

The above case of Thorp v. Raymond was an action in ejectment to determine the title to lands in New York; a state in which coverture and insanity were like disabilities. To plaintiff's grandmother there accrued the right of action for the lands in 1801, but she was then insane and remained so until her death in 1822. Her only daughter was the heir and she was a married woman and remained so until the death of her husband in 1832. The action was not commenced until 1850. The plaintiffs contended that the daughter's disability of coverture ought to be added to the mother's disability of insanity and that this would save the action from the bar of the statutes. The court held that the disabilities could not be connected in that way.

We find that Texas and other states have enacted statutes prohibiting cumulative disabilities, but these statutes have been only announcements of the common law. But whether forbidden by statute or not we have found no case holding contrary to the views above expressed, and we think further citation of authority is unnecessary.

The plaintiffs had three years after the death of the allottee to bring this action. She died in 1917. The action was begun in 1922. It will therefore be seen that the plaintiffs are barred by the statute of limitation of three years, as provided for in said section 1496. The fact that some of the plaintiffs were minors did not prevent the statute running against them.

Having held adversely to the plaintiffs on the two questions necessary to a decision of this case, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 32 Cyc. p. 1345 (Anno). (2) 37 C. J. p. 1037, §445; 17 R. C. L. p. 830.