## TUTTLE v. SOWARDS et al.

No. 18526. Opinion Filed March 26, 1929.

Rehearing Denied July 16, 1929.

W. A. Chase and Lydick, McPherren & Jordan, for plaintiff in error.

Emery A. Foster, Jas. A. Embry, Jas. A. Veasey, and L. G. Owen, for defendants in error.

FOSTER, C. This action was originally brought in the district court of Lincoln county upon a petition alleging three counts: First, praying that the sale of real estate by the county court of Lincoln county at an administrator's sale be set aside; second, for possession of the real estate; and, third, for an accounting. The parties appear here as they did in the trial court, and will be so referred to.

The plaintiff's petition alleges that Joseph

Tuttle died intestate in Lincoln county on August 4, 1905, leaving as his heirs his wife, Allie Tuttle, and seven minor children, one of whom was the plaintiff; that prior to his death Joseph Tuttle had received from the United States government a certain described 80 acres of land located in Lincoln county, and upon his death Allie Tuttle was appointed as administratrix; that the said land constituted the homestead at the time of the death of Joseph Tuttle, and that Allie Tuttle and the children resided upon the premises until 1910, when the said Allie Tuttle sold the land at an administrator's sale for the purpose of paying the expenses of the administration and debts of the estate; that this plaintiff is the owner of a 2/21sts interest in said land, and entitled to possession of same.

There is attached to plaintiff's petition a copy of the petition to sell the real estate, filed in the county court, together with the order for hearing petition to sell real estate, the decree for the sale of the real estate, a return of the sale by the administrator, and the order of confirmation, all duly made by the county court of Lincoln county. The petition to sell real estate contains, among other things, the following allegation:

"That the real estate, except the homestead, of which the decedent died seized or in which he had any interest, and the condition and value thereof, are as follows: (describing the real estate in question), the same being the only real estate of which the decedent died seized and possessed."

The decree of sale of real estate shows that the court "upon due examination and consideration of said petition, and after a full hearing upon the same," ordered the property sold, and further states that it was necessary to sell the said real estate.

To this petition the defendants filed a demurrer on the grounds: First, that the petition did not state facts sufficient to constitute a cause of action; second, that it appears from the face of the petition that the statute of limitations has run; and, third, that the action is a collateral attack upon the judgment of the county court.

This demurrer was sustained by the court upon the ground that the petition did not state facts sufficient to constitute a cause of action, in that the same shows upon its face that it is a collateral attack upon the judgment and orders of the county court of Lincoln county. The plaintiff refused to plead further, and the court thereupon dismissed the action, from which order the plaintiff perfects this appeal.

The plaintiff presents several assignments of error, but we think they may be condensed into the following propositions:

First. In order to sustain a proceeding in the county court for the sale of real estate at an administrator's sale, it must affirmatively appear from the record that it was shown and held in the administration proceedings that the land was not the homestead of the family.

Second. That the court erred in holding this action to be a collateral attack upon the judgment of the county court.

Under the first proposition, the plaintiff contends that, where the record in the sale of real estate by the county court is silent upon the question of whether or not the real estate sold was a homestead, in a district court action to cancel same, testimony may be introduced to show that the property sold was a homestead.

To support his first contention, plaintiff relies almost entirely upon the cases of Pioneer Mortgage Co. v. Carter, 84 Okla. 85, 202 Pac. 513, and Kimberlin v. Anthony, 124 Okla. 171, 214 Pac. 1. From an examination of these cases they do not appear to be in point. In the case of Pioneer Mortgage Co. v. Carter, supra, it is plain from an examination of the record that the proceedings in the county court are silent as to whether or not the land is a homestead, and the court in that case held that, in a proceeding similar to the proceeding here instituted, it was permissible to introduce proof to show the homestead character of the property. In the case of Kimberlin v. Anthony, the homestead character of the property is admitted.

In the case at bar, the petition to sell the real estate in the county court alleges: "That the real estate, except the homestead, of which the said decedent died seized," is the real estate in question, and after an examination of this petition, the court ordered the property sold. It seems to us that this is in effect a finding by the county court that this property was not a homestead. It seems to be well settled if the county court has passed upon the question of fact as to whether or not the land was a homestead, and if no appeal be taken from the decision thereon, it becomes final, and cannot be attacked in a proceeding such as the case at bar. The probate court in the exercise of its jurisdiction has power to determine whether the land sought to be sold was or was not a homestead, and its judgment that it was or was not becomes a

finality. Fuller v. Holderman, 114 Okla. 136, 244 Pac. 417.

It is pointed out that the petition to sell also alleges that the land in question was the "only real estate of which the decedent died seized and possessed," and that this fact renders it highly probable that the land was the homestead, but it is not conclusive of that fact. Pioneer Mortgage Co. v. Carter. supra. It also contends that this land, being patented direct from the United States government, is persuasive of the fact that it was a homestead. Pioneer Mortgage Co. v. Carter, supra.

Both of these facts may be persuasive, but in our opinion they are not sufficient to overcome the absolute statement in the petition, in substance, that the land in question was not a homestead. This petition was examined by the court, and the court made its finding and ordered the property sold. We think the court clearly adjudicated the proposition and found that the land was not a homestead. No appeal being taken from this finding, it is not subject to an attack by a suit of this kind in the district court.

It is next contended that this is not a collateral attack, but is a direct attack upon the judgment of the county court. and to support this contention the plaintiff relies upon the case of Ross v. Breene, 88 Okla. 37, 211 Pac. 417. From an examination of that case, however, we find that it was a case in which fraud was alleged, and, while the court does say that it is not a collateral attack, it seems to be somewhat in conflict with many other decisions; but we do not deem it necessary to decide in this case whether or not this is a direct or collateral attack. However, in the case of Pioneer Mortgage Co. v. Carter, supra, relied upon almost entirely by the plaintiff, a similar attack in the district court is treated as collateral.

Where the proceedings in the county court for the sale of real estate are regular upon their face and show that the county court has passed upon the question of whether or not the real estate is a homestead, and has determined that the real estate is not a homestead, and the judgment of the county court is unappealed from, such a sale cannot be attacked in the district court in an action to cancel or set aside the said administrator's sale; and the question of whether or not it is a collateral or direct attack is immaterial.

For the reasons above given, it appears that the district court of Lincoln county did not err in sustaining the demurrer to the petition, and this cause should be and is hereby affirmed.

BENNETT, TEEHEE, HERR, and DIFFENDAFFER, Commissioners, concur.

HALL, LEACH, and REID, Commissioners, dissent.

ANDREWS, J., not participating.

By the Court: It is so ordered.

Note.—See "Executors and Administrators," 24 C. J. §1676, p. 676, n. 53.