## ESTES et al. v. PICKARD et al.

No. 18949. Opinion Filed Jan. 7, 1930.

Commissioners' Opinion, Division No. 1.

M. A. Cox and Erwin & Erwin, for plaintiffs in error.

James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, C. L. Billings, Edw. H. Chandler, Summers Hardy, Robert L. Imler, and Andrews & Andrews, for defendant in error.

LEACH, C. This action was commenced in the district court of Lincoln county by Phil Estes and Harry Estes against Warren J. Pickard and others to recover possession of 160 acres of land, rents thereon, and to quiet title thereto.

Plaintiffs allege in part in their petition that they inherited their title to the land as heirs of Lee Estes, deceased, their father, who was the owner thereof at his death, and as heirs of their deceased mother and brother who inherited an interest from the father; alleged that the defendants claimed title to the land under and by virtue of a sale of the land under probate proceedings and administrator's deed; alleged that the land was the homestead of the plaintiffs, and that they were minors at the time and date of the sale, and attacked the validity of the sale and deed on that ground and on certain other irregularities in the proceedings which will be referred to later herein; also alleged that the administrator acted fraudulently in the matter of the sale and misled the probate court in its orders relating thereto.

Demurrers were filed by the several defendants to the plaintiffs' amended petition, which demurrers were sustained and the plaintiffs electing to stand on their petition, the action was dismissed, and plaintiffs bring this appeal from the ruling and judgment, and assign error thereon.

The plaintiffs present their grounds for reversal under several propositions, the first being:

"That the county court had no jurisdiction to determine whether the land in controversy was or was not the homestead."

In support of the proposition plaintiffs call attention to the statutes which provide that the homestead is not subject to the payment of any debt or liability contracted by or assessed against the husband or wife except such as are secured by lien thereon and are not subject to administration. The cases of Kimberlin v. Anthony, 124 Okla. 170, 254 Pac. 1; and Belt v. Bush, 74 Okla. 94, 176 Pac. 935, are cited and relied upon. We do not think the cases cited sustain plaintiffs' proposition, and we do not consider them applicable under the facts in the instant case. It appears this court has previously, in the cases of Fuller v. Holderman, 114 Okla. 136, 244 Pac. 417; and Tuttle v. Sowards, 137 Okla. 297, 279 Pac. 331, decided adversely to the contention and proposition advanced by the plaintiffs. In the syllabus in the case of Fuller v. Holderman, supra, it is said:

"Where plaintiffs, who are heirs of a deceased person, seek equitable relief to vacate a conveyance of land sold by the administrator of the decedent to pay his debts, and in their petition plead that the widow filed a waiver of homestead rights with the petition of the administrator, and the pro-

bate court finds that the land is not a homestead, and orders the same sold, the sale cannot be vacated on the ground that the land was not assets in the hands of the administrator to pay debts"

—and in the body of the opinion:

"Undoubtedly, the probate court, in the exercise of its jurisdiction, had power to determine whether this land was or was not a homestead, and its judgment that it was not such became a finality." ·

In Tuttle v. Sowards, supra, it is said:

"In an action in the district court to cancel an administrator's sale of real estate, where it affirmatively appears from the proceedings in the county court, which are attached to plaintiff's petition, that the court found, in effect, that the land sought to be sold was not a homestead, and the proceedings are otherwise regular, it is not error for the district court to sustain a demurrer to the petition."

Plaintiffs' second proposition is:

"Even if the county court had jurisdiction, yet, if the records show no adjudication against the homestead interest, the sale is subject to attack in this action."

The case of Pioneer Mortgage Co. v. Carter, 84 Okla. 85, 202 Pac. 513, is chiefly relied upon in support of the second proposition. The plaintiffs in the instant case attached to their petition a transcript of the proceedings in the county court relating to the sale of the land. The petition, signed by the administrator, praying an order of sale of the land, and the decree of sale, each contained language similar and in effect the same as that referred to and quoted from and involved in the case of Tuttle v. Sowards, supra, in which case this court held that the record presented in the case was sufficient and did show that the county court "clearly adjudicated the proposition and found that the land was not a homestead." We consider the holding in the Tuttle v. Sowards Case controlling and decisive under the record in the instant case on the question of adjudication of the homestead character of the land, and for such reason the second proposition advanced by the plaintiffs raises a question which is not supported by the record.

The third proposition presented by the plaintiffs is, in effect, that the record affirmatively shows that the land in question was a homestead by reason of which the sale proceedings and deed are void. The petition for letters of administration described the particular land in question, also certain lots located in the town of Agra, as being the property of the deceased, without reference to whether the same or any part thereof was the homestead of the deceased. The original inventory filed by the administrator described the town lots, but did not include the land involved in this action, which inventory had attached thereto a verification by the administrator which contained the recitation "that the above is a true and correct inventory of all of the estate of Lee Estes except the homestead, which has come to my knowledge or possession." The return showing personal service, on the widow of the deceased, of notice of application to sell the particular land verified by the administrator, after describing the land, contains the words "same being homestead of said Lee Estes." Such record and reference in the verification to the inventory and service of notice made by the administrator are conclusions on the part of the administrator and do not affirmatively establish the homestead character of the land and are in conflict with and insufficient to overcome other parts of the record wherein the administrator in his petition to sell the real estate stated:

"The real property **except the homestead** of which the decedent died seized, or in which he had any interest, and the condition and value thereof, are as follows: (describing the real estate here involved)"

—and the order of the probate court decreeing a sale of the land, which petition and decree, applying the rule and holding in the Tuttle v. Sowards Case, supra, was sufficient to show a contrary adjudication on the question of the homestead character of the land.

The fourth proposition presented by the plaintiffs is:

"That the sale is void because personal service of the order for hearing on the petition to sell real estate was not had upon the minor heirs."

The record discloses that upon filing of the petition to sell the real estate involved in this action, the county court entered an order thereon directing that notice of hearing upon such petition be published for four successive weeks in a weekly newspaper published in the county, and that a copy of the order be served on all persons interested in the estate to the guardian of a minor so interested, and any legatee, devisee, or any heir of the decedent provided they were residents of the county, at least ten days before the time appointed for hearing of said petition. Personal service of notice of hearing was made on the widow of the deceased, the mother of the plaintiffs, and the notice was published as directed by the court and

as provided by statute. Section 1655 of Wilson's Revised and Annotated Statutes 1903, which were in effect at the time and date of the decree of sale here in question, provided in part:

"A copy of the order to show cause must be personally served on all persons interested in the estate, any general guardian of a minor so interested, and any legatee or devisee or heir of the decedent, provided they are residents of the county, at least ten days before the time appointed for hearing the petition, or be published four successive weeks in such newspaper of the county as the court or judge shall direct,"

—while section 1656 of the same statutes provided in part:

"The probate court, at the time and place appointed in such order, * * * upon satisfactory proof of personal service or publication of a copy of the order, * * * must proceed to hear the petition, and hear and examine the allegations and proof of the petitioners, and of persons interested in the estate who may oppose the application."

The court in the case of Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433, in passing upon the sufficiency of notice of hearing on petition to sell land of a minor by a guardian, the statute relating thereto being very similar to the one in force and effect under proceedings relating to sale of real estate by executor or administrator, held that since the statute did not require service of the notice, both by personal service and publication, the court could not order otherwise, and that service by publication as required by statute was a sufficient valid service. Under the holding in such case, and the record presented in the instant case, we are unable to agree with the contention of the plaintiffs that the sale is shown to be void by reason of the manner of service of notice of the order for hearing on the petition to sell the real estate.

The next and fifth proposition advanced by the plaintiffs is that the sale is void by reason of the fraud practiced by the administrator. In support of this proposition, plaintiffs say that the administrator occupied a position of trust and confidence, that the law placed on him the duty of protecting the interest of all of the heirs, and that it was a fraud on the court for the administrator to procure the decree of sale by false affidavit reciting that the widow was the only interested party, thereby preventing personal notice to the minors.

We have heretofore, under the fourth proposition raised by the plaintiffs, considered the sufficiency of the service of notice of hearing on the petition to sell the real estate. The affidavit referred to by the plaintiffs is the one wherein the administrator recited that he personally served notice on Mary C. Murphy, widow of the deceased, of the order for hearing on petition to sell and concluded the same as follows:

"Said Mary C. Murphy being the only person interested in the above estate."

We think the quoted statement would not be sufficient to show that the administrator sought to or did thereby mislead the county court because in his petition to sell the land he sets out the names of the heirs of the deceased and their places of residence, including therein not only the widow of the deceased, but the children of the deceased, including the plaintiffs. The petition for letters of administration also shows the names and ages of the children of the deceased. The cases Beatty v. Beatty, 114 Okla. 5, 242 Pac. 766; and American Investment Co. v. Usrey, 106 Okla. 202, 233 Pac. 1078, cited by the plaintiffs in support of their fifth proposition, show a different state of facts than is alleged in the present case, and we do not consider them controlling when applied to the record in the instant case. We have examined the allegations of fraud alleged to have been committed by the administrator, notice of such alleged fraud nowhere being charged as coming to the knowledge of the purchaser unless it be contended that it is shown on the face of the proceedings. It appears that the alleged fraud arose on the question of whether the land was the homestead of the plaintiffs and the legal necessity for its sale, and upon the alleged failure to give legal notice of hearing on the petition to sell. Such matters appear to have been properly before the probate court and adjudicated by it, and we do not find sufficient allegations of fraud, extraneous the record, to support an action such as the present one, which, in effect, is for the purpose of canceling an administrator's deed and the probate proceedings relating thereto. Ward v. Thompson, 111 Okla. 52, 237 Pac. 569; Cochran v. Barkus, 112 Okla. 180, 240 Pac. 321; McNaughton v. Lewis, 124 Okla. 181, 254 Pac. 972.

The sixth proposition presented is:

"That the sale is void because no inventory and appraisement was made and filed as required."

The cases cited by the plaintiffs in support of this assignment are those wherein it was shown that the land sold at a guardian's sale did not bring 90 per cent. of the

64

appraised value, or that there had been no appraisement of the land within one year prior to the sale as provided by the statute, and it was held that the requirement of the statute was mandatory and jurisdictional. The record in the instant case does not bring it within the facts or rule of the cases cited and relied upon by the plaintiffs. The property in the instant case was appraised within one year of the date of sale and sold for more than 90 per cent. of its appraised value. The administrator did not include the land involved in his original inventory and did not sign the appraisement made under order of the court prior to the private sale, but failure to file or sign an inventory would not apparently invalidate the sale. In Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907, it was held:

"Held, failure on the part of the guardian to return an inventory does not render void a sale of the ward's lands, under proper orders of the county court. * * *

"After a county court obtains jurisdiction of a guardianship sale proceeding, all non-jurisdictional irregularities and defects between the acquirement of jurisdiction and the order of confirmation are cured by the order of confirmation to the extent that the order of confirmation may not be collaterally attacked on account of such irregularities."

See, also, McNaughton v. Lewis, supra.

The seventh proposition set forth in the brief of the plaintiffs in error is:

"That the sale was void because of defective decree and insufficient notice thereof."

The decree authorized a private sale of the land, as prayed for in the petition of sale, and it is contended that the decree was insufficient because it did not contain an adjudication or recital therein to the effect that the court adjudged that it would benefit the estate to sell the land at private sale. No authorities are presented in support of this contention, and we think it in conflict with the holding in the following quoted cases:

"The county court in the exercise of its probate jurisdiction is a court of general jurisdiction, and its judgments and proceedings are entitled to like presumptions accorded to that of the district court." Powers v. Brown, Judge, 122 Okla. 40, 252 Pac. 27.

"Where a judgment is entered in a court of general jurisdiction, and the record is silent as to the existence of the facts that gave the court jurisdiction, it will be presumed that all the facts necessary for the proper rendition of the judgment have been found to exist before the judgment was rendered." Wolf v. Gills, 96 Okla. 6, 219 Pac. 350.

Objection is also made to the sufficiency of the notice of the sale, in that the wording of the notice specified a sale at the office of the probate court while the return of sale showed that the sale was made at Agra in said county, at a place different from the notice. The holding in the case of Tucker v. Leonard, supra, and McNaughton v. Lewis, supra, heretofore quoted from, are sufficient to show that the defect or irregularity in the notice raised by the last proposition is insufficient to vacate or avoid the sale. The applicable statute relating to private sale requires that bids be submitted to the administrator, or filed in the county court, and does not require that the sale be made or had at any particular place; the notice specified that the property was to be sold at a private sale and did specify that bids must be filed with the administrator or in the county court, which was done, and the administrator reported a private sale on the bid submitted and asked confirmation of sale. There is nothing in the record showing such an irregularity in the notice or return of sale as would materially affect the sale.

The eighth and final proposition is:

"That the action is not barred by the statute of limitation."

The record discloses that the sale of the real estate was made on January 24, 1908, and confirmed February 17, 1908; administrator's deed was recorded April 27, 1908. Mary C. Murphy, formerly Mary C. Estes, who was the widow of Lee Estes, deceased, and the mother of the plaintiffs in this action, died in the year 1920. Orvie Estes, brother of the plaintiffs through whom they also claimed to have inherited an interest, disappeared July 7, 1919; reached his majority, if living, October 1, 1919. The plaintiff, Harry Estes, reached his majority January 7, 1923, and Phil Estes reached his majority August 26, 1925, and this action was commenced on the 18th of October, 1926.

Under such alleged facts and the law as announced in the case quoted from below, it is clear that the plaintiff, Harry Estes, and those through whom he claimed an interest, were barred from asserting any right or title to the land in question and from maintaining an action to recover the same at the time of the filing of this suit.

"Where the grantee, under an administrator's deed, and those claiming under him, have been in continuous possession of real

property since the purchase thereof at an administrator's sale, an action by the heirs to recover the property, commenced more than 14 years after the administrator's deed was recorded and more than three years after the youngest heir had reached his majority, is barred by subdivision 2, section 183, and by sections 1302 and 1303, Comp. Stat. 1921, and it is not material whether the administrator's deed is valid, voidable, or void." Kimberlin v. Anthony, 124 Okla. 170, 254 Pac. 1.

See, also, Martin v. Goodman, 126 Okla. 34, 258 Pac. 871.

While the statutes of limitations do not bar the plaintiff, Phil Estes, from asserting his claim to a two-ninths interest in the real estate involved, yet, we are of the opinion, after consideration of the various propositions presented by the plaintiffs and the cases cited in support thereof, that the petition failed to state facts sufficient to justify a recovery thereon, and we find no error in the action and ruling of the trial court in sustaining the defendants' demurrer thereto.

The ruling and judgment of the trial court is affirmed.

BENNETT, TEEHEE, JEFFREY, and DIFFENDAFFER, Commissioners, concur. REID, Commissioner, dissents.

ANDREWS, J., disqualified and not participating.

By the Court: It is so ordered.

Note.—See "Executors and Administrators," 24 C. J. § 1510, p. 595, n. 71; § 1642, p. 656, n. 83; § 1653, p. 664, n. 90; § 1676, p. 676, n. 49. "Judgments," 34 C. J. § 741. p. 473, n. 80.