**WESTON et al. v. POLAND et al.**

**No. 366.**

Circuit Court of Appeals, Tenth Circuit.

April 2, 1931.

Guy H. Sigler, of Ardmore, Okl. (P. M. Jackson, of Ardmore, Okl., on the brief), for appellants.

W. D. Potter, of Ardmore, Okl., and Samuel W. Hayes, of Oklahoma City, Okl. (Potter & Potter, of Ardmore, Okl., James A. Veasey and L. G. Owen, both of Tulsa, Okl., and Hayes & Richardson, of Oklahoma City, Okl., on the brief), for appellees.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellants, plaintiffs below, brought this action in the district court of Carter county, Okl., against individual defendants and their successors, to recover certain interests claimed to have been inherited in an allotment, and they sought the cancellation of deeds and an oil and gas lease, together with an accounting of rents and profits. The case was removed to the federal court for the Eastern District of Oklahoma. It was there tried to the court, upon an agreed statement of facts, and a final decree was rendered dismissing the bill, from which the plaintiffs appeal to this court.

The land was allotted on March 4, 1905, to Mary Weston, a full-blood Choctaw Indian. She died a minor, survived by her parents, Mitchell and Sarah Weston. He died in 1906, and she died in 1911. One of their heirs was a daughter, Nora Weston, a plaintiff in this case. She was born on January 26, 1906. Sarah Weston was remarried to Israel Gage. They left a son, Lyman Gage, who was two years old at his mother's death. He also inherited an interest in the allotment, but it is not directly involved in this suit. Mitchell and Sarah Weston had a son, Julius Weston, who was born April 3, 1897, and died September 29, 1918. He married Edith Cole, a white woman, and one of his heirs is a daughter, Julia Marie Weston, who is the other plaintiff. The present interests of the heirs in the allotment, if not divested, would be as follows: Julia Marie Weston, one-fourth; Nora Weston, five-twelfths; Israel Gage, one-sixth; Lyman Gage, one-sixth.

There were guardians' sales, through the county court of Haskell county, Okl., of the interest of Julius Weston, a portion of which Julia Marie Weston claims descended to her, and of the interest of Nora Weston. These plaintiffs attack the validity of the sales. The defendants as grantees of the purchasers uphold it. This is the controversy between the parties.

The sales are challenged in each instance upon the grounds that notice of the petition therefor was not served personally on the next of kin of the minors as required by the state law, wherefore the decree of sale and the subsequent proceedings were void for want of jurisdiction in the county court, and that there was no compliance with rule 5 of the Probate Court Rules of the Oklahoma Supreme Court.

We refer to the court proceedings. Joseph Folsom was appointed as guardian of Julius Weston in 1908 and continued as such until his ward reached his majority. Dan Perry was appointed as guardian of Nora Weston in March, 1910, and after her mother's death in 1911 had the care and custody of his ward until she reached her majority. Israel Gage was appointed as guardian of Lyman Gage and has since had the care and custody of him.

In March, 1915, these guardians, deeming it advantageous to sell the three interests together, employed the same attorney and filed a separate like petition for each sale, on statutory grounds which are not questioned, in the county court of Haskell county, Okl. Thereupon the court ordered a hearing of each petition, directing notice by publication for two weeks, posting at five public places in the county, and mailing to the next of kin. Proofs of the notices were filed. At the hearings, on April 20, 1915, the guardians appeared with their attorneys, and in each case a decree was entered, reciting the service of notice and submission of the matter "and after a full hearing and upon due examination and consideration of the proofs" the sale was necessary as stated in the petition and the guardian was authorized and directed to make private sale of the real estate, and it was further ordered that notice of the sale be given by publication for two weeks and by posting as required by law. Returns were made showing proofs of notice and sales to R. P. Poland. The sales were confirmed and deeds were ordered to be made to the purchaser. Since the delivery of the deeds, the purchaser and his successors have had open, notorious, adverse possession of the property.

Concededly, the record does not show personal notice of the petitions for the sales on the next of kin of the wards. This was required by section 6559, of the Revised Laws of 1910, in force at the time of the court proceedings.

The case of Rock Island Implement Co. v. Pearsey, 133 Okl. 1, 270 P. 846, is cited to show the absence of personal notice to the

next of kin rendered the sale invalid for want of jurisdiction to order it. One answer to the contention is that service of process against a minor is required on a guardian, and he may waive any process, notice, or order to show cause. Section 6568, Rev. Laws 1910; section 1481, C. O. S. 1921. The only purpose of serving notice on the minors would be to enable the guardian to appear and represent them at the hearing. But the guardians appeared and applied to sell the land. The only persons interested were the minors themselves and Lyman Gage, whose guardian also represented him, and was a party to all the proceedings. Notice was effectually waived by the guardians.

Another answer is that the Pearsey Case was decided in October, 1928, long after the proceedings in question and the same court had held before they occurred that the filing of a petition which set out sufficient facts to justify the sale vested the court with jurisdiction to order it, that the subsequent steps were procedural, and while omission of them might render a sale voidable on appeal, it did not, after confirmation, open the sale to collateral attack. The leading decision to that effect is Eaves v. Mullen, 25 Okl. 679, 107 P. 433. It followed the doctrine of Grignon's Lessee v. Astor et al., 2 How. (43 U. S.) 319, 11 L. Ed. 283, and Mohr v. Manierre, 101 U. S. 417, 25 L. Ed. 1052, and it has been repeatedly approved in later decisions. Spade v. Morton, 28 Okl. 384, 114 P. 724; Roth v. Union National Bank, 58 Okl. 604, 160 P. 505; Winters v. Oklahoma Portland Cement Co., 65 Okl. 132, 164 P. 965; Tiger v. Drumright, 95 Okl. 174, 217 P. 453; Foreman v. Chapman, 95 Okl. 132, 219 P. 692; White v. Cheatham, 101 Okl. 264, 225 P. 533; Abraham v. Homer, 102 Okl. 12, 226 P. 45; Dill v. Stevens et al., 141 Okl. 24, 284 P. 60.

The Pearsey Case does not avail the appellants, as a settled construction of a statute when titles are acquired becomes a rule of property and protects a purchaser. Dill v. Stevens et al., supra; Jones v. Prairie Oil & Gas Co., 273 U. S. 195, 47 S. Ct. 338, 71 L. Ed. 602; Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 S. Ct. 140, 54 L. Ed. 228; Jackson v. Harris (C. C. A.) 43 F.(2d) 513; Welch v. First Trust & Sav. Bank (C. C. A.) 15 F.(2d) 184. By this principle, the title of the defendants is established.

The case of Dill v. Stevens et al., supra, was decided on June 12, 1928. A rehearing was denied in February, 1929, and January, 1930. In that case a publication notice was questioned. The doctrine of Eaves v. Mullen was reaffirmed and it was declared to be a rule of property. The Pearsey Case is therefore wedged in between the original decision and the denial of rehearing in the Dill Case, and stands alone with decisions to the contrary before and after it. The other cases show a settled construction of the statute in question, and it is accepted in the federal courts. See cases last cited.

The probate proceedings do not expressly show a compliance with Probate Rule 5 of the state Supreme Court, which provides as follows: "On the hearing on petitions for sale, the guardian, person in custody, and the ward himself, when over fourteen years of age, must be present and must be examined as to the necessity for said sale and the truth of the allegations of the petition, and furnish such additional evidence as the court may require. The evidence offered must be taken down and transcribed and a copy thereof filed with the papers in the case. * * * "

The rule could apply only to Julius Weston, as Nora Weston was but nine years old. While it contains valuable safeguards and should be always observed, yet being procedural its observance is not a jurisdictional requisite to the validity of the sales.

But we need not so decide. The orders on the petitions for the sales in question recite that they were based "upon due examination and consideration of the proofs." They therefore refute the assertion that the rule was not observed. It has been repeatedly held by the Oklahoma Supreme Court that the county courts are courts of record and their orders have the same force as those of courts of general jurisdiction. Hunter v. Wittier, 120 Okl. 103, 250 P. 793; Powers v. Brown, 122 Okl. 40, 252 P. 27; Dill v. Anderson, 124 Okl. 299, 256 P. 31; Manuel v. Kidd, 126 Okl. 71, 258 P. 732. The decree of sale in this case is challenged by a collateral attack. The presumption is therefore conclusive that all facts were found by the court which were necessary to the decree. Continental Gin Co. v. DeBord, 34 Okl. 66, 123 P. 159; Blackwell v. McCall, 54 Okl. 96, 153 P. 815; Manuel v. Kidd, supra. The last-cited case is directly in point, and holds that the presumption is there was compliance with the rule.

The decree of the District Court should be, and it is, affirmed.