# MAGNOLIA PETROLEUM CO. v. MAYER et al.

# MAYER et al. v. MAGNOLIA PETROLEUM CO., et al.

### Nos. 561, 562.

Circuit Court of Appeals, Tenth Circuit.
April 11, 1932.

Rehearing Denied May 14, 1932.

B. B. Blakeney, of Oklahoma City, Okl. (W. H. Frances, of Dallas, Tex., and Hubert Ambrister and W. R. Wallace, both of Oklahoma City, Okl., on the brief), for Magnolia Petroleum Co.

Charles A. Coakley, of Tulsa, Okl. (C. B. Stuart, of Oklahoma City, Okl., and E. J. Doerner, of Tulsa, Okl., on the brief), for J. M. Mayer and Hattie Mayer.

Walter Mathews, of Cushing, Okl., for Ollie Brown.

Walter G. Wilson, of Chandler, Okl., for George McCowan.

Emery A. Foster, of Chandler, Okl., for Frank McCowan and Henry McCowan.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The Magnolia Petroleum Company appeals from an adverse decree in a suit it brought to quiet the title to an oil and gas lease it owned by assignment from John Wagner on a tract of 24 acres located in an addition to Chandler, Lincoln county, Okl. J. M. Mayer, who executed the lease to Wagner, acquired title to the land at a sale by the administrator of the estate of James McCowan. Mayer and his wife, who were defendants in the suit, also appeal, but rely on like grounds for reversal, and join with the company in presenting the appeal. The other defendants were Mary McCowan, widow of the decedent, five of his children, Alice Robertson (now Jackson), Haley Evans, Henry, Frank, and John McCowan, to whom McCowan left his property by a will, another son, George McCowan, and Ollie Brown, a granddaughter, and certain successors through Mayer of title to and mineral interests in the land. Those defendants, except Mary McCowan, are appellees in this court. The heirs resisting the appeals are Henry and Frank McCowan, two minor beneficiaries in the will, and George McCowan and Ollie Brown not named therein.

The appellants alleged in their pleadings that the administrator's sale passed a valid

title to the land. The widow made no defense. The heirs resisting the appeals alleged that the sale was invalid, because the land was the homestead of the testator and not subject to administration, and that there was a want of the jurisdictional notice to them in the sale proceedings, and the two heirs not named in the will asserted the sale was also invalid because they were not parties to the proceedings.

The District Court sustained the defense, that the land sold was the homestead of James McCowan and not subject to administration; found that the widow after his death removed with her children from the land and completely abandoned it and further waived any homestead rights in connection with the sale petition. The final decree awarded to the appellants their interests acquired otherwise than by the administrator's sale, and tc the minor heirs Frank and Henry McCowan, and George McCowan and Ollie Brown, their fractional interests in the land, subject to accounting to appellants for their outlays. The other heirs were held to be barred from recovery by limitation. There were adjustments of interests in favor of Mayer's grantees and their successors. The main grounds of the controversy affecting the validity of the administrator's sale are renewed in this court by proper assignments of error. A decision upon them will suffice for a final disposition of the case.

We notice first the state law pertinent to homesteads. By sections 1 and 2, article 12, of the Constitution, it is provided a homestead of a family consists of 160 acres of land or one acre in a city, town, or village, and it is not subject to forced sale for debts, except for purchase money, taxes, or work and materials used in constructing the improvements. Section 1224, C. O. S. 1921, provides that, upon the death of either husband or wife, the survivor may possess and occupy the homestead, and it is not subject to administration proceedings, and, in case of the death of both, the children may possess and occupy the homestead until the youngest child becomes of age. By sections 6595 and 6600, C. O. S. 1921, the homestead is exempt from forced sale for debt, except as stated in the Constitution.

A petition was filed in the county court of Lincoln county, for the probate of McCowan's will and the appointment of an administrator. By the will he left all his property to his five children heretofore named. The widow contested the will. It was held void as to her, but it was finally probated, subject to her legal rights. The District Court, as stated, found from the evidence, and it was not disputed, that immediately after the death of her husband she removed with her children from the land, and her abandonment of it has since been continuous and complete. This act extinguished her right of occupancy of the land as a homestead. Holmes v. Holmes, 27 Okl. 140, 111 P. 220, 30 L. R. A. (N. S.) 920. Furthermore, her right of inheritance, as the trial court found, was waived by her joining in the petition for the sale of the land. The heirs not named in the will claim their interests by virtue of section 11255, C. O. S. 1921, which provides that, as to omitted heirs, a testator dies intestate, unless the omission is intentional. His intention was determinable from the language of the will and attendant circumstances. Riley v. Collier, 111 Okl. 130, 238 P. 491. George McCowan's claim is doubtless well founded, as he was born of a former wife, after she was divorced. The case is not so clear as to Ollie Brown. The District Court found in favor of both, and the finding is not seriously questioned. We may assume they were both entitled to share in the property on the theory the testator died intestate as to them.

The administrator was duly appointed. Appraisers were directed to make an inventory and valuation of the estate, to list but not appraise the homestead, and to make a return of the personal property to be set apart for the family. They returned an inventory of the estate, except the homestead, appraising the land here involved at $1,600, subject to mortgages on record and taxes. It was verified as an inventory of "all the estate, except the homestead." Three days later, the administrator filed a petition to sell the real estate in question, alleging the personal property was appraised at $359, the outstanding debts were about $1,600, the accrued expenses of administration were $50, the debts that would accrue by reason of administration were estimated at $100, the real property, except the homestead, was appraised at $1,600, subject to a mortgage of $1,000, which was about to be foreclosed, the taxes amounted to several hundred dollars, and it was necessary to sell the land in question to save anything for the estate. The widow and the five children named in the will were reported as the known heirs. Then there followed an averment that it was necessary to sell the whole or some portion of the said real estate by reason of the mortgage and the impending foreclosure, the debts, and the taxes. The

prayer was for an order to sell the said real estate at public or private sale.

Notice of hearing the petition was ordered, and later there was a return of service. On the day fixed, it was ordered upon appearance and findings of the facts essential under the state law that the administrator sell said real estate, describing it, after giving an additional bond, with a direction to make a return of the sale. It was made, showing a sale to J. M. Mayer, as the highest and best bidder for $2,050, a hearing day was fixed, and later continued on request of the guardian ad litem of the minor heirs. Finally, the hearing occurred and the return of sale being filed, showing the notice given, the sale was confirmed, the administrator was directed to execute a conveyance of said real estate to J. M. Mayer, and his deed therefor was delivered to Mayer.

An order was entered meantime in which it was recited that the personal property itemized was of the total value of $359, that the whole of the estate, except the homestead, was the said personalty, and it was necessary for the maintenance of the family, and it was ordered that said personalty unsold with the proceeds of any of it theretofore sold be set apart for the use of the widow and minor children and paid to them in stated parts, and the administrator was ordered to make a final report for the purpose of a final settlement of the estate. That report was made, after notice, and it was approved.

■ On this record, can it be said the land sold was an exempt homestead, not subject to administration, and it can be collaterally attacked on that ground? The county courts are courts of record, and their orders and judgments are subject to appeal to the district court. Article 13, c. 5, C. O. S. 1921 (section 1410 et seq.). They have the same force as those of courts of general jurisdiction. Weston v. Poland (C. C. A.) 48 F.(2d) 738, and cases cited. The proceedings respecting the sale of the real estate in question cannot be construed as directing the sale of a homestead. The inventory and appraisement were of land other than the homestead, and the order for the sale of that land and the confirmation of the sale necessarily determined that the land was not a homestead. There was no objection to them, and no appeal from any of the sale proceedings.

As said in Grignon's Lessee v. Astor, 2 How. 319, 11 L. Ed. 283, "the granting the license to sell is an adjudication upon all the facts necessary to give jurisdiction. * * * The record is absolute verity, to contradict which there can be no averment or evidence; the court having power to make the decree, it can be impeached only by fraud in the party who obtains it."

The state Supreme Court has also held that the county courts have the duty of determining whether land is a homestead, and that such determination is not subject to collateral attack. Tuttle v. Sowards, 137 Okl. 297, 279 P. 331; Estes v. Pickard, 141 Okl. 60, 283 P. 1004; LeFlore v. Hansen, 144 Okl. 227, 291 P. 542. See, also, Fudge v. Fudge, 23 Kan. 417. It certainly is true that the exercise of jurisdiction to make the sale cannot be successfully assailed as is sought to be done in this case by assertion of facts presumably and necessarily adjudicated. Clark v. Anthis (C. C. A.) 51 F.(2d) 42.

The defense therefore fails on the ground that the land was an exempt homestead and not subject to administration. We find it is unnecessary to notice other reasons in support of the sale, for example, the result of the undisputed abandonment by McCowan's widow of the land and her act of joining in the petition for the sale.

■ We inquire whether in the sale proceedings there was a jurisdictional failure of notice under the state laws, found in the Statutes of 1921. Section 1268 fixes the requirements of the petition. No question is raised as to its sufficiency and as to the finding of the county court to that effect, and, further, it is not denied that the order for the sale contained the essential findings under the statutes. Section 1269 requires an order, directing all persons interested in the estate to appear and show cause why an order of sale should not be granted. Section 1270 provides that copies of the order shall be posted in three public places in the county, one of them at the court house, and a copy personally served on all persons interested in the estate, any general guardian of a minor, and any legatee, devisee, or heir of the deceased, who are residents of the county ten days before the hearing, and copies mailed to nonresidents of the county, but, if the post office of any such person is unknown, the order shall be published two weeks in the county.

A proper order was made for the service. There was a proof of the service of the order by affidavit, which recited John McCowan was notified by mail at Perkins (Payne county) Okl., a copy was delivered to Mary McCowan, mother of Henry McCowan and Frank McCowan minors in her cutody, to Haley Evans and Alice Robertson, and three copies were posted in the three public places.

If the matter of service was vital, it was incumbent on those challenging the sale to prove there was no other service. But there was no such showing.

However, the fact of service was not necessary to the validity of the sale, and it is wholly immaterial whether George McGowan and Ollie Brown were parties to or mentioned in the proceedings. As ruled in Grignon's Lessee v. Astor, supra, "on a proceeding to sell the real estate of an indebted intestate, there are no adversary parties, the proceeding is in rem, the administrator represents the land, * * * they are analogous to proceedings in the admiralty, where the only question of jurisdiction is the * * * power over the thing, the subject-matter before them, without regard to the persons who may have an interest in it; all the world are parties." This doctrine was reaffirmed in Mohr v. Manierre, 101 U. S. 417, 25 L. Ed. 1052. It was also followed and adopted as the law of Oklahoma in Eaves v. Mullen, 25 Okl. 679, 107 P. 433, approved in many later decisions of the state court. And it was applied with full force and effect by this court in Weston v. Poland, 48 F.(2d) 738, and Clark v. Anthis, 51 F.(2d) 42. Notice in the steps taken for the sale of the land in question was a procedural matter, and it did not affect the jurisdiction of the county court to direct and confirm the sale.

Our conclusion is that the appellants should prevail. The decree of the District Court is therefore reversed, with direction to enter another quieting the title of the Magnolia Petroleum Company to its lease as a valid and subsisting lease on the land involved, vesting the title in fee to the land in J. M. Mayer and his grantees and successors in interest claiming from or through him, and divesting all other parties to this suit of any title to or interest in said land, and taxing the costs in the District Court to all the defendants. The costs in this court are taxed to the appellees Frank, Henry, and George McCowan and Ollie Brown.

Reversed.