## JONES v. DUFFY.

No. 34760. Jan. 10, 1953.

*253 P. 2d 440.*

Sam W. Moore, Oklahoma City, and P. D. Erwin, Chandler, for plaintiff in error.

M. A. Cox, Chandler, for defendant in error.

CORN, J. In May, 1945, Martha Jane Harding died testate in Lincoln county owning 120 acres of land in her own right, and a widow's interest in an adjoining 40 acres which had been owned by her deceased husband. The entire tract had been occupied as her homestead. Among eight heirs were plain-

tiff herein, a son, (George Harding), a minor about 16 years old at the time of testatrix's death, and the defendant, her son by a former marriage. Administration proceedings were had in the name of this defendant as administrator. Pursuant to orders of the county court, entered upon the administrator's application, all of the personal property was sold. Upon closing the estate the county court made determination of those entitled to inherit and vested title to an undivided one-eighth interest in each named heir, and ordered distribution of the cash proceeds from the estate ($68.88) to each heir. The estate was closed, the administrator discharged and his sureties released.

March 9, 1948, the plaintiff, guardian of her minor brother, brought this action alleging defendant's possession and control of the homestead against this minor's claims, and asked judgment for use of the homestead, statutory allowance for support, and for use and value of exempt personal property disposed of by defendant as administrator. The petition alleged the minor's absolute right to possession of the homestead upon his mother's death, and asked money judgment for rents, profits and earnings from the property during the period such minor had been deprived of possession, and for numerous other items of loss allegedly incurred as a result thereof.

Defendant's answer denied generally the allegations of the petition and set up the closing of the estate and lack of appeal therefrom; pleaded estoppel against plaintiff to contest his acts as administrator, and denied any liability alleged to have arisen from the minor's loss of use of the premises. Defendant also pleaded the minor's right to claim the homestead, but alleged further that no recovery could be had upon the basis of homestead rights which were open to him but not demanded during, or after, the administration proceedings. By cross-petition defendant sought partition of the land in question. Plaintiff's demurrer to the cross-petition was

sustained, and plaintiff replied by general denial.

At the trial a jury was empaneled and both parties made their opening statements. Upon plaintiff being called as a witness defendant's objection to the introduction of any testimony was sustained, and objection likewise was sustained to plaintiff's offer of proof regarding the minor's homestead rights in the whole homestead.

The jury was discharged and the court then rendered the following judgment:

"Let the record show this: That I am sustaining the objection of counsel for the defendant on the grounds and for the reason that it is the determination of the court in this case, under the pleadings that have been filed that the plaintiff is entitled to a one-eighth interest in the property involved in this suit; and, that he is not entitled, as a matter of law and under the pleadings in this case, to all of the profits, rents and proceeds from said property during the period of his minority."

Defendant's argument in support of the trial court's judgment is to the effect the minor failed to assert any homestead right; that plaintiff did not attach the petition for administration and the trial court, in effect, held that the land was not homestead, since plaintiff's statement in the petition that this was homestead was a mere conclusion, and the petition did not state a cause of action.

Our statute, 58 O.S. 1951 §311, provides for the vesting of the homestead right in a surviving child, upon parent's death, to occupy and possess the entire homestead for the period of minority. The next succeeding section, (312), provides for setting aside to such minor exempt property not specifically mentioned in section 311. We have held in innumerable cases that the rights accorded by the statute are such as to require no order of the probate court to vitalize and give effect thereto. Belt v. Bush, 74 Okla. 94, 176 P. 935. The homestead rights reserved

676

to plaintiff's ward were fixed in him when his mother died. The county court had no jurisdiction of the homestead estate and no action by the court could either impress upon, or take away the homestead character of the property. In Hembree v. Magnolia Petroleum Co., 176 Okla. 524, 56 P. 2d 851, it was pointed out that a probate court decree which does not purport to allow, or deny, the homestead right, cannot be said to have disallowed same by implication.

Defendant urges that, in view of the record, there is nothing to show that the court's ruling was based upon the theory that this minor was not entitled to the homestead estate; that plaintiff's failure to attach the probate proceedings to the petition brought the matter within the rule in Estes v. Pickard, 141 Okla. 60, 283 P. 1004, that where the probate court found "in effect" that land sold at an administrator's sale was not homestead, and the proceedings were regular otherwise, a demurrer to the petition should be sustained.

In the present case the plaintiff pleaded the homestead character of the property, and the ward's minority at the time of his mother's death. The question of the existence of a homestead is a question of fact. After hearing the opening statements the trial court sustained defendant's objection to the introduction of any evidence. Apparently this was done upon the theory, as urged by defendant, that the probate records, and the pleadings in the matter being heard, failed to disclose that any homestead interest was involved, and that any right of recovery in this minor's behalf was limited solely to whatever rights he might have as a cotenant. Whether the court's action be denominated as a judgment upon the opening statements, upon the pleadings, or as having sustained defendant's motion for judgment, the erroneous result of such action is apparent. By such action the trial court purported to destroy a right already vested in this minor. No reason appears why facts concerning the mother's home-stead rights and this ward's minority were not presented to the probate court. We are of the opinion the rule applicable to this situation is expressed in Pennington v. Woodner-McGaugh, 54 Okla. 110, 153 P. 875, wherein it is pointed out that a decree of distribution which purports to distribute the homestead to the heirs does not deprive the surviving spouse of the homestead right. See, also, Hembree v. Magnolia Petroleum Co., supra. In the Pennington case, supra, syllabus 2 states:

"A decree of distribution, made in the winding up of an estate is conclusive as to matters properly before the county court and involved in such hearing; that is, the determination of who the legatees, devisees, and heirs to the estate are and their respective interests therein, but is not conclusive as to the right to the possession of real estate belonging to such estate, and does not preclude the surviving spouse of the decedent from asserting the right to possess and occupy the homestead."

The rule applies equally to a minor child.

Numerous other questions are urged in support of the judgment rendered. By reason of the foregoing it is unnecessary to consider such matters. The judgment is reversed and the cause remanded, with directions to set aside the judgment rendered and proceed with the trial of the case.

ARNOLD, C.J., and WELCH, JOHNSON, and O'NEAL, JJ., concur. HALLEY, V.C.J., and GIBSON, DAVISON, and BINGAMAN, JJ., dissent.