### HARRIS et al. v. GAMMILL et al.

No. 14662—Opinion Filed May 26, 1925.

1. **Bastards—Inheritance from Father—Necessity for Acknowledgment of Paternity.**

Under sections 8057 and 11303, Comp. St. 1921, an illegitimate child cannot inherit any portion of her putative father's estate, unless such putative father acknowledges such child as his own, receives her in his family with the consent of his wife, and otherwise treats her as his legitimate child, or acknowledges the paternity of said child, in writing, in the presence of a competent witness.

2. **Limitation of Actions—Recovery of Land Sold by Administrator.**

Under section 1302, Comp. St. 1921, where M. dies, leaving real estate, and his widow his sole surviving relative and heir at law, lives seven years thereafter. and dying, leaves her son as her sole surviving heir at law, and he lives one year thereafter and dies, leaving a widow and three children, said widow and children are barred from maintaining an action to recover real estate sold by an administrator immediately after the death of said M.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by A. L. Gammill and M. C. Alford against James A. Harris and others, to quiet title to real estate. Judgment for plaintiffs, and defendants bring error. Affirmed.

W. O. Rittenhouse, E. L. Kirby, and John C. Graves, for plaintiffs in error.

T. H Wren, for defendants in error.

PHELPS, J. Babe Mahardy was a Creek freedman, and the land in question was allotted to him as his homestead. On the 2nd day of December, 1908, he died intestate, leaving, surviving, his wife Lizzie Mahardy, also Matilda Tiger, an illegitimate daughter. An administrator was appointed by the county court of Wagoner county, and at an administrator's sale of the land in

question, which was located in Okfuskee county, M. C. Alford became the purchaser, and upon confirmation of the sale by the county court an administrator's deed was issued and delivered to him on December 5, 1910, and on February 16, 1917, said Alford and wife conveyed the land in question, by warranty deed, to A. L. Gammill, said Alford and Gammill remaining in continuous possession of said land from the date of sale to the present time.

On June 2, 1922, A. L. Gammill and M. C. Alford filed their action in the district court of Okfuskee county against a number of defendants, including those who appear here as plaintiffs in error, alleging that the defendants were making some claim of interest in the land which constituted a cloud upon their title, and praying the court for judgment removing said cloud and quieting the title in plaintiffs. Defendant James A. Harris, who appears here as one of the plaintiffs in error, filed his answer and cross-petition asserting title to an undivided one-half interest in the land by reason of a deed from Matilda Tiger, daughter of deceased, said deed being dated December 15, 1908. Defendants Christy Glover, Pearlie Murrell, Eliza Murrell, and Fred Murrell filed their answer and cross-petition, claiming title to, and the right of immediate possession of, the land in question, alleging that at his death he left as his sole surviving heir his wife, Lizzie Mahardy, and that thereafter Lizzie Mahardy died leaving surviving as her sole heir her son Alex Murrell, and that thereafter Alex Murrell died, leaving surviving him as his sole heirs, Eliza Murrell, his widow, and Christy Glover, Pearlie Murrell, and Fred Murrell, his three children. They claim they are entitled to the entire estate by reason of the fact that when Babe Mahardy died, title in fee to the land passed to his widow, Lizzie Mahardy, and that when she died, title to the same passed to Alex Murrell, her only child, and that when he died, title passed to his widow and three children, who are parties plaintiff in error here. The case was tried to the court without the intervention of a jury, and at the conclusion of the trial the court made his findings of fact and conclusions of law, upon which findings of fact and conclusions of law he rendered judgment in favor of the plaintiffs quieting title to the land in question in plaintiffs.

The record and briefs present, primarily, two questions for us to determine. The first, as applied to plaintiff in error James A. Harris, Did the deed from the illegiti-mate daughter of Babe Mahardy, purporting to convey one-half interest in the property, convey any interest whatsoever? And, secondly, as applied to the other plaintiffs in error, Did the administrator's deed, purporting to convey title to the land in question to M. O. Alford, divest the estate of Babe Mahardy of his interest in the land, thereby leaving the plaintiff in error no interest therein; and was their cause of action, if they had such, barred by section 1302, Comp. St. 1921?

The record discloses that there is no dispute that Matilda Tiger, through whom plaintiff in error James A. Harris claims title, was the illegitimate child of Babe Mahardy and Mary Dan, and the trial court found that:

"Babe Mahardy was married to Louisa Mahardy, and that said Babe Mahardy and said Louisa Mahardy lived together continuously, as husband and wife, during all of said years; that Babe Mahardy was never married to Mary Dan; that said Matilda Tiger sometimes visited at the home of Babe Mahardy, and that on one or two occasions the said Babe Mahardy stated orally to witnesses that he was the father of said Matilda Tiger, but that he never admitted, in writing, that he was the father of said Matilda Tiger, and that he never at any time took or adopted her into his family as his child."

A careful examination of the record, in our judgment, abundantly justifies the above finding of the trial court.

Section 11303, Comp. St. 1921 provides that:

"Every illegitimate child is an heir of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child. * * *"

And section 8057, Comp. St. 1921, provides that:

"The father of an illegitimate child by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such, and such child is thereupon deemed, for all purposes, legitimate from the time of its birth."

These two sections of the statute have been so often construed by this court and the construction placed thereon is so well known to every member of the bar, that citation of authorities is unnecessary. There is no claim on the part of plaintiffs in error that Babe Mahardy ever acknowledged, in writing, himself to be the father of Matilda Tiger, as provided in section 11303 Comp. St.

1921, nor does the record disclose that he acknowledged her as his child and received her into his family as provided in section 8057, Comp. St. 1921, for the legitimation of an illegitimate child. The record discloses that after the birth of Matilda Tiger, and while she was a small child, Mary Dan was united in marriage to another man, and that she was reared in the home of her mother and her mother's husband, taking the name of her mother's husband and calling him father. We, therefore, conclude that the deed from Matilda Tiger to James A. Harris conveys no interest whatever in the real estate in question, and that the same should be canceled and removed as a cloud upon the title to said land.

Plaintiffs in error claim that there were certain irregularities in the sale of the real estate in question, and that because of such irregularities title was not passed to M. C. Alford at such administrator's sale. Defendants in error claim that the administrator's sale was regular in all respects, and further claim that even if they were not regular, the statute of limitations has barred the plaintiff in error from asserting such irregularities.

Section 1302, Comp. St. 1921, reads as follows:

'No action for the recovery of any estate, sold by an executor or administrator under the provisions of this artictle, can be maintained by any heir or other person claiming under decedent, unless it be commenced within three years next after the sale."

The record discloses that Babe Mahardy died on December 2, 1908, and that his widow, Lizzie Mahardy, died in 1917, and that Alex Murrell died in 1918, and that the cross-petition of plaintiffs in error was filed July 7, 1922. A careful examination of the record convinces us that all the right, title, and interest that Babe Mahardy had in the real estate at the time of his death was conveyed by the administrator's deed, but even though, as contended, there were irregularities in the sale, Babe Mahardy's widow and sole heir lived about seven years after the execution of the administrator's deed; her son and only heir lived about a year thereafter. and then these plaintiffs in error did not file their action herein for about four years thereafter, during all of which time the defendants in error were in continuous, open, and adverse possession of the real estate in question, and no claim was ever made to said real estate by any of the plaintiffs in error until this suit was filed to remove the cloud from the title; and under the state of facts as disclosed by the record, plaintiffs in error cannot be heard to complain at this late date It is true that they assert that some of the plaintiffs in error were minors, and in fact one of them appears here as a minor, by his guardian, but since any right of action that their father, and preceding him their grandmother, may have had was clearly barred by section 1302, Comp. St. 1921, plaintiffs in error would also be barred from maintaining such action. The judgment of the district court is therefore affirmed.

NICHOLSON, C. J., BRANSON. V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 7 C. J. pp. 950, 962; anno. 23 L. R. A. 756, 24 A. L. R. 586; 3 R. C. L. pp. 776, 777; 1 R. C. L. Supp. p. 894, 5 R. C. L. Supp. p. 202.   (2) 24 C. J. p. 188.