## ORENDORFF et al. v. CUNNINGHAM et al.

No. 21131.    Opinion Filed July 19, 1932.

Percy Powers and J. B. Harrison, for plaintiffs in error.

Robinson & Oden, for defendants in error.

HEFNER, J.   This is an action brought in the district court of Beckham county by Mary A. Orendorff and others, as heirs at law of Hewie W. Cunningham, deceased, against Mary A. Cunningham, W. W. Cunningham, and others, to impress a trust upon certain certificates of purchase of school land now owned and held by W. W. Cunningham.   The trial was to the court and resulted in judgment in favor of defendants. Plaintiffs have appealed and assert that the judgment is contrary to law and against the clear weight of the evidence.

The evidence shows that Hewie W. Cunningham was the owner of school land lease on one section of land in Beckham county. He died intestate sometime during 1915. His estate was, at that time, insolvent, and it was necessary to sell all of it to pay the indebtedness thereof.   Defendant Mary Cunningham, the surviving widow, was appointed administratrix of the estate.   Pursuant to the order appointing her, she made an application for the sale of the property of deceased for the purpose of paying the indebtedness of the estate.   An order was entered by the probate court granting such authority, and, in pursuance thereto, among other things, the improvements on the land were sold, together with the preference right to purchase the land from the School Land Department, as provided by section 9355, C. O. S. 1921 [O. S. 1931, sec. 5141].   Defendant W. W. Cunningham purchased the improvements and preference right from the administratrix for the sum of $240, but failed to make a record of such purchase on the books of the Commissioners of the Land Office, as provided by section 9392, C. O. S. 1921 [O. S. 1931, sec 5566]. The sale was confirmed by the probate court March 27, 1916.   On March 30, 1916, the land was offered at public sale by the Commissioners of the Land Office.   The auctioneer representing the state, however, refused to permit W. W. Cunningham to bid on the land, for the reason that the records of the department failed to show that he had purchased the preference right of deceased.   It was then arranged between him and the auctioneer that the administratrix should purchase the land and that the certificate should be issued to her, but that Cunningham should pay the purchase price. This was accordingly done.   The administratrix thereafter assigned the certificate of purchase to W. W. Cunningham, and, upon such assignment, the Commissioners of the Land Office canceled the certificate issued to Mrs. Cunningham and issued a new one to him.

Plaintiffs first contend the sale is void for the reason that it was prohibited by section 1305, C. O. S. 1921 [O. S. 1931, sec. 1314], which provides:

"No executor or administrator must directly or indirectly purchase any property of the estate he represents, nor must he be interested in any sale."

We think it unnecessary to pass upon this question, for the reason that the contention of defendants must be sustained that the cause of action, as disclosed by this record, is barred by the statutes of limitation.

The evidence shows that, after W. W. Cunningham acquired title from the School Land Department, he reconveyed one-half interest therein to defendant Mary A. Cunningham, administratrix.   Plaintiffs contend that this transaction was fraudulent and that there was a conspiracy entered into between defendants to so handle the estate

232

as to deprive the other heirs of participation in the distribution thereof. The evidence shows that the estate was insolvent, and that it consisted of certain live stock and the school land lease here involved; that at the sale defendant W. W. Cunningham purchased all of the property and borrowed the money to pay the purchase price; that he thereafter reconveyed a one-half interest to defendant Mary A. Cunningham, she assuming one-half of the indebtedness. The trial court found against plaintiffs' contention that there was a conspiracy entered into between defendants to defraud plaintiffs.

Defendants urge that plaintiffs' cause of action to set the sale aside and recover the property is barred by section 1302, C. O. S. 1921 [O. S. 1931, sec. 1311], which provides:

"No action for the recovery of any estate sold by an executor or administrator under the provisions of this article can be maintained by any heir or other person claiming under decedent, unless it be commenced within three years next after the sale. An action to set aside the sale may be instituted and maintained at any time within three years from the discovery of the fraud or other grounds upon which the action is based."

We think this contention must be sustained. The sale of the improvements and the preference right to purchase the land was confirmed by the probate court on March 27, 1916. The petition in the instant case was filed on May 15, 1929. The actual transfer of the land to defendant W. W. Cunningham was made in March, 1916. These proceedings were matters of public record, and plaintiffs were therefore chargeable with notice and knowledge thereof. Since no proceeding was brought for the recovery of the estate sold within three years from the date of the sale, or to set aside the sale on the ground of fraud within three years after the same was or should have been discovered, plaintiffs' cause of action is barred.

Plaintiffs contend that the above statute does not apply for the reason that the trust relationship existed between the parties. In our opinion, the trust theory is not applicable to the issues in the case. The property was regularly sold at public sale, as provided by statute, to defendant W. W. Cunningham, and the sale was properly confirmed. If, by reason of any irregularities, title did not pass, plaintiffs should have brought action within three years after the sale in order to recover the property.

The judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. RILEY and McNEILL, JJ., absent.