CONTINENTAL OIL CO. et al. v. HELMS et al.

No. 27386.   May 25, 1937.

Rehearing Denied Nov. 22, 1939.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1940.

*105 P. 2d 214.*

·William H. Zwick, of Ponca City, and J. F. McKeel, of Ada, for plaintiffs in error.

Don Welch, of Madill, Hal Welch, and Rittenhouse, Webster & Rittenhouse, of Oklahoma City, for defendants in error.

HURST, J. This is an action in ejectment and to quiet title to an undivided 4/15 interest in four lots in the town of Jesse and 60 acres adjoining the town, of which G. W. Helms died seized in January, 1925. He died intestate and left surviving him as his only heirs his widow, Dora Helms, a minor son by her, and nine adult children by a former marriage. The widow was appointed administratrix in February, 1925, and served until May 5, 1927, when she resigned and her nominee, C. L. Burnett, was appointed her successor. Soon after he qualified, Burnett started proceedings to sell the property involved in this case to pay debts that had been approved, and the widow purchased the property at the administrator's sale in July, 1927. The order confirming sale was duly recorded in the office of the county clerk of Pontotoc county in July, 1927, and the administrator's deed to the widow was recorded in August, 1927. Before this sale, five of the nine adult heirs had con-

veyed their interest in the land in question to the widow, but the remaining four had refused to do so. This action was commenced on June 17, 1935, by three of the four children, M. P. Helms, Melissa Emmons, and Ollie Salon, against the widow, Dora Helms, Laura Bailey, the fourth sister who had not conveyed her interest to the widow, the Continental Oil Company, holder of an oil and gas lease on the 60 acres, and others who claimed interests in the property. Laura Bailey filed an answer admitting the allegations of the petition, and a cross-petition claiming title and asserting that the administrator's deed to the widow was void because it was obtained by fraud and collusion between the widow and the administrator, because the property was the homestead and could not be sold, not being assets of the estate, and because the widow was disqualified from purchasing the property, since she was formerly administratrix, and because Burnett was not legally appointed administrator. The Continental Oil Company filed an answer pleading the statute of limitations, the regularity of the probate proceedings and sale, and that the action was a collateral attack on the same, and denying that said property was homestead property or that the plaintiffs or defendant Laura Bailey had or could assert any homestead interest therein, and that the decree of sale was res adjudicata on the question of homestead, and it further alleged that it was an innocent purchaser, for value, and without notice, of oil lease. However, it does not rely on its defense of innocent purchaser. The widow filed an answer adopting the answer of the Continental Oil Company. The plaintiffs filed a reply substantially the same as the cross-petition of Laura Bailey. After the suit was filed the widow died testate, having devised the property involved herein to her five children by a former marriage and to her child by G. W. Helms, and the action was revived against said heirs and the executor of her last will and testament. The executor and heirs, thereupon, filed an answer in which they adopted the answers of their mother and the Continental Oil Company. At the commencement of the trial it was stipulated that the various replies of the plaintiffs and Laura Bailey should be treated as amended and supplemental petitions. Further facts and contentions will be referred to in passing upon the various issues raised in the briefs. At the close of the evidence, the court entered judgment in favor of the plaintiffs and Laura Bailey, from which the defendants appeal.

1. It is first urged by the defendants that this action constitutes a collateral attack upon the judgments of the county court in connection with the sale of the property. This question was raised by a demurrer to the reply of the plaintiffs, by an objection to the introduction of evidence, by a demurrer to the evidence of the plaintiffs when they rested, which demurrer was renewed at the close of all the evidence.

The entire probate proceedings, beginning with the petition of the widow for appointment of herself as administratrix and ending with the administrator's deed to her, were set out as exhibits to the answer of the Continental Oil Company and were introduced in evidence by agreement. These proceedings appear to be regular on their face, and the plaintiffs do not contend otherwise. They do contend, however, that the sale is void and subject to the attack made upon it in this case, for the following reasons:

(a) It is urged that the sale by the administrator was in fact fraudulent. Plaintiffs claim that the following is indicative of fraud: The proximity in point of time between the resignation of the administratrix, the appointment of the successor, and the purchase by the former administratrix; that there was no necessity for the sale; that the claims allowed were fictitious; that the plaintiffs did not receive notice of the sale; and that there were fraudulent misstatements in the letters written by the widow in an attempt to buy the interest of the plaintiffs. But it is clear that there

was no reliance on these letters, for the plaintiffs did not accept her offer to purchase. As to the other contentions of fraud, it appears that they were all adjudicated by the county court, and therefore do not constitute fraud extraneous the record, which is necessary in order to authorize a court of equity to vacate the sale. Estus v. Pickard (1930) 141 Okla. 60, 283 P. 1004. The cases cited by plaintiffs point out the wide latitude allowed in cases of fraud, of which we are well aware, but the record does not support the contention of fraud on the part of the widow.

(b) It is urged that the widow was prohibited by law to purchase the land at the administrator's sale, because she was to all intents and purposes the administratrix and is forbidden to purchase under section 1314, O. S. 1931, which provides that no executor or administrator can purchase any property of the estate either directly or indirectly. But the record shows that the widow resigned before the sale was made, the resignation accepted by the court, and the appointment of the new administrator was in all respects regular. Passing for the moment the question of her fiduciary relationship, we cannot say that the evidence supports the contention that she was in fact still the administrator. In the cases cited by the plaintiffs, the property was sold to some third party, who was in fact purchasing for the administrator, or holding it in trust for him by reason of their relationship. Such would be the case here if the evidence indicated that the widow purchased the property for the use and benefit of the administrator Burnett. But it is clear that no such circumstances exist.

(c) It is urged that the property was in fact the homestead, and not assets of the estate, and for that reason the county court did not have jurisdiction to sell it, and further that the order of sale is not an adjudication that it was not the homestead. The petition for sale recited:

"The real property *except the homestead* of which the decedent died seized, or in which he had an interest, and the condition and value thereof, are as follows: (describing the real estate here involved)."

On this petition the county court entered the order of sale. This was an adjudication that the property was not the homestead. In the following cases, in which the petition was practically identical with the recital above quoted, it was so held: Tuttle v. Sowards (1929) 137 Okla. 297, 279 P. 331; Estes v. Pickard (1930) 141 Okla. 60, 283 P. 1004. These cases distinguish the case of Pioneer Mortgage Co. v. Carter (1921) 84 Okla. 85, 202 P. 513, relied on by plaintiffs, and are decisive of the question of the adjudication of the homestead character of the land. Plaintiffs, however, contend that the case at bar is distinguishable in that the petition for letters of administration of both the widow and the second administrator, Burnett, recited that the property was the homestead. But in Estes v. Pickard, supra, it was likewise recited in other papers in the administration proceedings that the property sold by the administrator was the homestead, and it was there held that such recitals were mere conclusions, and did not invalidate the order of sale. At best, such recitals would be statements against interest which the county court might consider in connection with the other evidence. The petition for sale, which invoked the jurisdiction of the court, stated that the land involved in this case was not the homestead, and the order of sale is an adjudication that it was not the homestead, and that order cannot be collaterally attacked.

(d) It is urged that the appointment of Burnett as successor administrator was void because the children of the deceased were given no notice thereof. But the case of Appeal of Sims' Estate (1933) 162 Okla. 35, 18 P. 2d 1077, is direct authority contrary to the contention of plaintiffs on this point. It was there held that the widow of a testator who named no executrix is entitled to preference in the appointment as administratrix with will annexed, and either she or some competent person whom she may nominate is entitled to the appointment with-

636

out notice of the application for the appointment.

We therefore conclude that the sale is not void and is not subject to collateral attack.

2. It is next urged by the defendants that this action is barred by the statute of limitations. This question was raised in the same manner as the objection that this action constituted a collateral attack. The defendants contend that the applicable statute is subdivision 2, section 99, O. S. 1931, which provides that an action by heirs of a deceased person to recover real property sold by his administrator must be commenced within five years after the recording of the deed made in pursuance of the sale.

The plaintiffs contend that section 1311, O. S. 1931, is the applicable statute of limitations. It reads as follows:

"No action for the recovery of any estate sold by an executor or administrator, under the provisions of this article can be maintained by any heir or other person claiming under decedent, unless it be commenced within three years next after the sale. An action to set aside the sale may be instituted and maintained at any time within three years from the discovery of the fraud or other grounds upon which the action is based."

In the case of Minehart v. Littlefield (1923) 94 Okla. 249, 222 P. 253, this court reviewed the history of these two statutes, and held that section 1311 is the one that governs in actions to set aside sales of property by executors and administrators. The defendants do not seriously contend that section 1311 is not the applicable statute. In fact, in their demurrer to the reply of the plaintiffs they rely on this section, and do not mention section 99, while in their answer they specifically rely on section 99 and then say the action is barred by other statutes, and in their demurrer to the evidence they refer to section 99. The Minehart Case, supra, has not been criticized by any subsequent decisions of this court, but on the contrary has been referred to with approval in Kimberlin v. Anthony (1926) 124 Okla. 170, 254 P. 1,

and Estes v. Pickard, supra; and the statute was applied in Harris v. Gammill (1925) 108 Okla. 288, 236 P. 878; Orendorff v. Cunningham (1932) 158 Okla. 231, 13 P. 2d 194, and Seal v. Banes (1934) 168 Okla. 550, 35 P. 2d 704. Thus, we will treat section 1311, supra, as the statute that governs this case.

The decisive question on this phase of the case is whether the plaintiffs made "discovery of the fraud or other grounds upon which the action is based" within three years prior to the filing of the action within the purview of section 1311. Plaintiffs argue that actual discovery is necessary to start the running of the statute and cite Moore v. Palmer (N. D.) 174 N. W. 93, in support of their position. However, in this state the rule is to the contrary, and it now appears well settled that constructive notice is sufficient to set in motion the statute of limitations in actions for relief on the ground of fraud. Board of Com'rs of Garfield County v. Renshaw (1909) 23 Okla. 56, 99 P. 638; McElhany v. Langston (1924) 105 Okla. 209, 232 P. 439; Orendorff v. Cunningham, supra. The same interpretation of the phrase "discovery of fraud" applies to the section of the statute under discussion, for there can be no logical reason given to impute a different meaning in different statutes dealing with the same kind of actions. Of course, if any fraud extraneous the record, of which the parties would not have constructive notice, is discovered, the action may be commenced on that ground at any time within three years from that date under section 1311, supra. But, as heretofore pointed out, there is no such fraud in the instant case, thus the statute must run from the discovery of the "other grounds" referred to in the act. These other grounds all arose out of the probate proceedings and had been matters of public record since 1927. The action not having been commenced until June 17, 1935, it is clear that the action was instituted more than three years after the "discovery of the fraud or other grounds upon which the action is based" within the purview of section 1311, supra, and is barred by the statute.

But the plaintiffs contend that the above statute does not apply for the reason that the widow occupied a position of trust and confidence towards them. In our opinion no fiduciary relation existed. The sale proceedings and her resignation as administratrix were regular, and it is apparent from the record that she dealt with all the parties at arm's length. The plaintiffs were all adults and there is nothing in their relationship which would impose on her a fiduciary status.

The judgment is therefore reversed, with directions to enter judgment for defendants.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and GIBSON, JJ., concur. CORN, J., and THORN, Special Justice, dissent. RILEY, J., absent. WELCH, J., disqualified.